**HEFNER STARK & MAROIS, LLP**
Thomas P. Griffin Jr., Esq. (SBN 155133)
    tgriffin@hsmlaw.com
2150 River Plaza Drive, Suite 450
Sacramento, CA 95833
Telephone: 916.925.6620
Facsimile: 916.925.1127

**ABRAMS, FENSTERMAN, FENSTERMAN,**
**EISMAN, FORMATO, FERRARA,**
**WOLF & CARONE, LLP**
Seth L. Berman, Esq. (*pro hac vice admission to be requested*)
    sberman@abramslaw.com
3 Dakota Drive, Suite 300
Lake Success, NY 11042
Telephone: 516.328.2300
Facsimile: 516.328.6638

Attorneys for Defendants/Counterclaimants/Third-Party Plaintiffs COLONIZE MEDIA, INC., YELLOWCAKE, INC., JOSE DAVID HERNANDEZ, and KEVIN BERGER

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PLATINO RECORDS, INC. and ANTOINE MUSIC, INC., | **Case No.: 2:20-CV-3159-DSF-JPR** |
| Plaintiffs, | **DEFENDANTS' ANSWER TO PLAINTIFFS' COMPLAINT WITH AFFIRMATIVE DEFENSES, COUNTERCLAIMS, THIRD PARTY CLAIMS AND JURY TRIAL DEMAND** |
| v. | |
| COLONIZE MEDIA, INC., YELLOWCAKE, INC., JOSE DAVID HERNANDEZ, KEVIN BERGER, and DOES 1-10, | Judge: Dale S. Fischer |
| Defendants. | |

HEFNER STARK & MAROIS, LLP
2150 River Plaza Drive, Suite 450
Sacramento, CA 95833
Telephone: 916.925.6620

HEFNER STARK & MAROIS, LLP
2150 River Plaza Drive, Suite 450
Sacramento, CA 95833
Telephone: 916.925.6620

COLONIZE MEDIA, INC., )
YELLOWCAKE, INC., JOSE DAVID )
HERNANDEZ, KEVIN BERGER, and )
DOES 1-10, )
 )
          Third-Party )
Plaintiffs, )
                    v. )
 )
ALBERTO MITCHELL and MARIA )
MITCHELL, )
 )
          Third-Party )
Defendants. )

Defendants Colonize Media, Inc. ("Colonize"), Yellowcake, Inc. ("Yellowcake"), Jose David Hernandez ("Hernandez") and Kevin Berger ("Berger"), file their Answers and Affirmative Defenses to Plaintiffs' Platino Records, Inc. and Antoine Music, Inc. (collectively "Plaintiffs") Complaint (the "Complaint") and state as follows:

## INTRODUCTION AND OVERVIEW

1.    Defendants admit the Complaint asserts claims for copyright infringement. Defendants state that the claims asserted in the Complaint speak for themselves and deny that the claims have any merit. Defendants deny the remaining allegations in Paragraph 1 of the Complaint.

2.    Defendants admit the Complaint asserts claims for copyright infringement. Defendants state that the claims asserted in the Complaint speak for themselves and deny that the claims have any merit. Defendants deny the remaining allegations in Paragraph 2 of the Complaint.

3.    Defendants admit the Complaint asserts claims for copyright infringement. Defendants state that the claims asserted in the Complaint speak for themselves and deny that the claims have any merit.    Defendants deny the remaining allegations in Paragraph 3 of the Complaint.

## JURISDICTION AND VENUE

4.    The allegations in Paragraph 4 of the Complaint assert legal conclusions to which no response is required. Defendants deny the remaining allegations in Paragraph 4 of the Complaint.

5.    The allegations in Paragraph 5 of the Complaint assert legal conclusions to which no response is required. Defendants deny the remaining allegations in Paragraph 5 of the Complaint.

6.    The allegations in Paragraph 6 of the Complaint assert legal conclusions to which no response is required. Defendants deny the remaining allegations in Paragraph 6 of the Complaint.

7.    The allegations in Paragraph 7 of the Complaint assert legal conclusions to which no response is required. Defendants deny the remaining allegations in Paragraph 7 of the Complaint.

## PARTIES

8.    Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 8 of the Complaint and therefore deny the allegations.

9.    Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 9 of the Complaint and therefore deny the allegations.

10.    Defendants admit the allegations in Paragraph 10 of the Complaint.

11.    Defendants admit the allegations in Paragraph 11 of the Complaint.

12.    Defendants admit the allegations in Paragraph 12 of the Complaint.

13.    Defendants admit the allegations in Paragraph 13 of the Complaint.

14.    Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 14 of the Complaint and therefore deny the allegations.

15.    Defendants deny the allegations in Paragraph 15 of the Complaint.

HEFNER STARK & MAROIS, LLP
2150 River Plaza Drive, Suite 450
Sacramento, CA 95833
Telephone: 916.925.6620

## FACTS COMMON TO ALL CLAIMS

16.     Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 16 of the Complaint and therefore deny the allegations.

17.     Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 16 of the Complaint and therefore deny the allegations.

18.     Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 18 of the Complaint and therefore deny the allegations.

19.     Defendants admit the allegations in Paragraph 19 of the Complaint.

20.     Defendants admit that on August 15, 2013, Platino Records, Inc. ("Platino") entered into a written agreement with Richboy Ventures, Inc., dba DH1 Digital ("RBV"), a company owned and controlled by Hernandez, whereby RBV acquired fifty percent (50%) of the ownership rights to the certain sound recordings (or masters) and videos identified in that agreement, along with certain other works that Alberto Mitchell and/or Platino subsequently identified and instructed Defendants or their predecessors to include in the list of assets sold pursuant to the August 15, 2013 agreement, all owned by Mitchell and/or Platino before the partial sale to RBV (collectively "M-Gen Catalog"). Defendants deny the remaining allegations in Paragraph 20 of the Complaint.

21.     Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 21 of the Complaint and therefore deny the allegations.

22.     Defendants admit that in or about September 2013, Hernandez formed M-Gen Stream, Inc. ("M-Gen"). Maria Mitchell and RBV each received fifty percent (50%) of the shares of stock therein and Maria Mitchell and RBV each contributed their respective fifty percent (50%) ownership interest in the M-Gen Catalog to M-Gen.

HEFNER STARK & MAROIS, LLP
2150 River Plaza Drive, Suite 450
Sacramento, CA 95833
Telephone 916.925.6620

Defendants deny the remaining allegations in Paragraph 22 of the Complaint.

23.    Defendants admit that in or about September 2013, RBV entered into a certain written digital distribution agreement with M-Gen concerning the M-Gen Catalog. Defendants deny the remaining allegations in Paragraph 23 of the Complaint.

24.    Defendants admit the allegations in Paragraph 24 of the Complaint.

25.    Defendants deny the allegations in Paragraph 25 of the Complaint.

26.    Defendants admit that on or about March 16, 2017, M-Gen filed with the California Secretary of State: (i) a Certificate of Election to Wind Up and Dissolve and (ii) a Certificate of Dissolution. Defendants deny the remaining allegations in Paragraph 26 of the Complaint.

27.    Defendants deny the allegations in Paragraph 27 of the Complaint.

28.    Defendants admit that Colonize lawfully exploited the M-Gen Catalog pursuant to the terms of a written agreement between M-Gen and Colonize or its predecessor. Defendants deny the remaining allegations in Paragraph 28 of the Complaint.

29.    Defendants admit that Colonize lawfully exploited the M-Gen Catalog pursuant to the terms of a written agreement between M-Gen and Colonize or its predecessor. Defendants deny the remaining allegations in Paragraph 29 of the Complaint.

30.    Defendants deny the allegations in Paragraph 30 of the Complaint.

31.    Defendants deny the allegations in Paragraph 31 of the Complaint.

32.    Defendants deny the allegations in Paragraph 32 of the Complaint.

33.    Defendants admit that Colonize lawfully exploited the M-Gen Catalog pursuant to the terms of a written agreement between M-Gen and Colonize or its predecessor. Defendants deny the remaining allegations in Paragraph 33 of the Complaint.

34.    Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 34 of the Complaint and therefore deny

HEFNER STARK & MAROIS, LLP
2150 River Plaza Drive, Suite 450
Sacramento, CA 95833
Telephone 916.925.6620

the allegations.

35.    Defendants admit that Colonize lawfully exploited the "DMY Masters" pursuant to the terms of a written distribution agreement between Colonize and Alberto Mitchell and/or Platino, the terms of which speak for themselves. Defendants deny the remaining allegations in Paragraph 35 of the Complaint.

36.    Defendants admit that Colonize lawfully exploited the "IKA Masters" pursuant to the terms of a written distribution agreement between Colonize and Alberto Mitchell and/or Platino, the terms of which speak for themselves. Defendants deny the remaining allegations in Paragraph 36 of the Complaint.

37.    Defendants admit that Colonize lawfully exploited the "Aggressive Masters" pursuant to the terms of a written distribution agreement between Colonize and Aggressive Digital, LLC ("Aggressive"), the terms of which speak for themselves. Defendants deny the remaining allegations in Paragraph 37 of the Complaint.

38.    Defendants admit that Colonize lawfully exploited the "DMY Masters" and "IKA Masters" pursuant to the terms of written distribution agreements between Colonize, or its predecessor, and Alberto Mitchell and/or Platino and lawfully exploited the "Aggressive Masters" pursuant to the terms of a written distribution agreement between Colonize and Aggressive, the terms of which speak for themselves. Defendants deny the remaining allegations in Paragraph 38 of the Complaint.

39.    Defendants admit that Colonize performed all of its obligations under the respective distribution agreements concerning the "DMY Masters", "IKA Masters" and the "Aggressive Masters", the terms of which speak for themselves. Defendants deny the remaining allegations in Paragraph 39 of the Complaint.

40.    Defendants deny the allegations in Paragraph 40 of the Complaint.

41.    Defendants deny the allegations in Paragraph 41 of the Complaint.

42.    Defendants deny the allegations in Paragraph 42 of the Complaint.

43.    Defendants deny the allegations in Paragraph 43 of the Complaint.

/ / /

HEFNER STARK & MAROIS, LLP
2150 River Plaza Drive, Suite 450
Sacramento, CA  95833
Telephone 916.925.6620

HEFNER STARK & MAROIS, LLP
2150 River Plaza Drive, Suite 450
Sacramento, CA  95833
Telephone: 916.925.6620

**FIRST CAUSE OF ACTION**

**Copyright Infringement Under 17 U.S.C. § 101 *et seq.***

**(Against All Defendants)**

44.    Defendants repeat and repeat, re-allege and incorporate by reference in this paragraph the preceding responses to Paragraphs 1 through 43 of the Complaint and incorporate them by reference as though set forth fully herein.

45.    Defendants deny the allegations in Paragraph 45 of the Complaint.

46.    Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 46 of the Complaint and therefore deny the allegations.

47.    Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 47 of the Complaint and therefore deny the allegations.

48.    Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 48 of the Complaint and therefore deny the allegations.

49.    Defendants deny the allegations in Paragraph 49 of the Complaint.

50.    Defendants deny the allegations in Paragraph 50 of the Complaint.

51.    Defendants deny the allegations in Paragraph 51 of the Complaint.

52.    Defendants deny the allegations in Paragraph 52 of the Complaint.

53.    Defendants deny the allegations in Paragraph 53 of the Complaint.

54.    Defendants deny the allegations in Paragraph 54 of the Complaint.

55.    Defendants deny the allegations in Paragraph 55 of the Complaint.

56.    Defendants deny the allegations in Paragraph 56 of the Complaint.

57.    Defendants deny the allegations in Paragraph 57 of the Complaint.

/ / /

/ / /

/ / /

**DEFENDANTS' ANSWER TO PLAINTIFFS' COMPLAINT WITH AFFIRMATIVE DEFENSES, COUNTERCLAIMS, AND THIRD-PARTY CLAIMS**

## SECOND CAUSE OF ACTION

### Breach of Contract

### (Against Colonize)

58.    Defendants repeat and repeat, re-allege and incorporate by reference in this paragraph the preceding responses to Paragraphs 1 through 57 of the Complaint and incorporate them by reference as though set forth fully herein.

59.    Colonize denies the allegations in Paragraph 59 of the Complaint.

60.    Colonize denies the allegations in Paragraph 60 of the Complaint.

61.    Colonize denies the allegations in Paragraph 61 of the Complaint.

62.    Colonize denies the allegations in Paragraph 62 of the Complaint.

## THIRD CAUSE OF ACTION

### Misrepresentation Under 17 U.S.C. § 512(f)

### (Against All Defendants)

63.    Defendants repeat and repeat, re-allege and incorporate by reference in this paragraph the preceding responses to Paragraphs 1 through 62 of the Complaint and incorporate them by reference as though set forth fully herein.

64.    Defendants deny the allegations in Paragraph 64 of the Complaint.

65.    Defendants deny the allegations in Paragraph 65 of the Complaint.

66.    Defendants deny the allegations in Paragraph 66 of the Complaint.

67.    Defendants deny the allegations in Paragraph 67 of the Complaint.

68.    Defendants deny the allegations in Paragraph 68 of the Complaint.

69.    Defendants deny the allegations in Paragraph 69 of the Complaint.

70.    Defendants deny the allegations in Paragraph 70 of the Complaint.

71.    Defendants deny the allegations in Paragraph 71 of the Complaint.

72.    Defendants deny the allegations in Paragraph 72 of the Complaint.

73.    Defendants deny the allegations in Paragraph 73 of the Complaint.

74.    Defendants deny the allegations in Paragraph 74 of the Complaint.

75.    Defendants deny the allegations in Paragraph 75 of the Complaint.

HEFNER STARK & MAROIS, LLP
2150 River Plaza Drive, Suite 450
Sacramento, CA 95833
Telephone: 916.925.6620

76.     Defendants deny the allegations in Paragraph 76 of the Complaint.

77.     Defendants deny the allegations in Paragraph 77 of the Complaint.

78.     Defendants deny the allegations in Paragraph 78 of the Complaint.

79.     Defendants deny the allegations in Paragraph 79 of the Complaint.

80.     Defendants deny the allegations in Paragraph 80 of the Complaint.

81.     Defendants deny the allegations in Paragraph 81 of the Complaint.

## FOURTH CAUSE OF ACTION

### Intentional Interference with Prospective Economic Relations

### (Against All Defendants)

82.     Defendants repeat and repeat, re-allege and incorporate by reference in this paragraph the preceding responses to Paragraphs 1 through 81 of the Complaint and incorporate them by reference as though set forth fully herein.

83.     Defendants deny the allegations in Paragraph 83 of the Complaint.

84.     Defendants deny the allegations in Paragraph 84 of the Complaint.

85.     Defendants deny the allegations in Paragraph 85 of the Complaint.

86.     Defendants deny each and every allegation not specifically answered herein.

### AFFIRMATIVE DEFENSES

### *FIRST DEFENSE*

Plaintiffs' Complaint fails to state a claim upon which relief may be granted.

### *SECOND DEFENSE*

The claims in the Complaint are barred in whole or in part by the applicable statute of limitations in 17 U.S.C. § 507(b).

### *THIRD DEFENSE*

The claims in the Complaint are barred in whole or in part by implied license or contract.

///

///

HEFNER STARK & MAROIS, LLP
2150 River Plaza Drive, Suite 450
Sacramento, CA 95833
Telephone: 916.925.6620

HEFNER STARK & MAROIS, LLP
2150 River Plaza Drive, Suite 450
Sacramento, CA 95833
Telephone: 916.925.6620

### FOURTH DEFENSE

The claims in the Complaint are barred in whole or in part by the doctrine of "fair use."

### FIFTH DEFENSE

The claims in the Complaint are barred in whole or in part by the doctrines of equitable estoppel, consent, and/or waiver.

### SIXTH DEFENSE

The claims in the Complaint are barred in whole or in part by the doctrine of copyright misuse.

### SEVENTH DEFENSE

Plaintiffs' common law claims are preempted by federal law.

### EIGHTH DEFENSE

Plaintiffs' claims are barred by the doctrine of unclean hands.

### NINTH DEFENSE

Plaintiffs' claims are barred in whole or in part by the acts or omissions of Plaintiffs and their own negligence and/or lack of due diligence, including without limitation, failure to register with or obtain certification from the U.S. Copyright Office.

### TENTH DEFENSE

Plaintiffs' claims are barred by the Statute of Frauds.

### ELEVENTH DEFENSE

Plaintiffs' claims are barred by documentary evidence.

### TWELFTH DEFENSE

Plaintiffs failed to follow the notice procedures required by 17 U.S.C. § 512 *et seq*.

### THIRTEENTH DEFENSE

Plaintiffs lack standing to bring this action.

### FOURTEENTH DEFENSE

Defendants' investigation into the claims asserted in the Complaint is ongoing.

**DEFENDANTS' ANSWER TO PLAINTIFFS' COMPLAINT WITH AFFIRMATIVE
DEFENSES, COUNTERCLAIMS, AND THIRD-PARTY CLAIMS**

Defendants reserve all defenses available under the Federal Rules of Civil Procedure and the Copyright Act and all other applicable law and at equity that may now exist or in the future become available based upon discovery.

**WHEREFORE**, Defendants respectfully request that this Court:

1)    Enter judgment against Plaintiffs and in favor of Defendants on all claims asserted in the Complaint

2)    Dismiss the Complaint with prejudice;

3)    Award Defendants their reasonable attorneys' fees and costs in accordance with 17 U.S.C. § 505 and any other applicable law; and

4)    Award Defendants such further relief as the Court may deem just and proper.

## COUNTERCLAIMS AND THIRD-PARTY COMPLAINT

Defendants Colonize, Yellowcake, Hernandez and Berger (Colonize, Yellowcake, Hernandez and Berger, collectively "Counterclaimants" and/or "Third-Party Plaintiffs") assert the following counterclaims against Plaintiffs Platino Records, Inc. ("Platino") and Antoine Music, Inc. ("Antoine") (Platino and Antoine collectively "Counterclaim Defendants") and third-party claims against Alberto Mitchell ("A. Mitchell") and Maria Mitchell ("M. Mitchell") (A. Mitchell and M. Mitchell, collectively "Third-Party Defendants"):

## THE PARTIES

1)    Counterclaimant/Third-Part Plaintiff Hernandez is a natural person and resident of the state of California.

2)    Counterclaimant/Third-Party Plaintiff Berger is natural person and resident of the state of California.

3)    Counterclaimant/Third-Party Plaintiff Colonize is a corporation organized and existing under California law and authorized to do business in California.

4)    Colonize is primarily engaged in the business of digital music distribution.

5)    Hernandez and Berger are principals and co-owners of Colonize.

6)    Counterclaimant/Third-Party Plaintiff Yellowcake is a corporation organized and existing under California law and authorized to do business in California.

7)    Yellowcake is primarily engaged in the business of exploiting intellectual property.

8)    Hernandez and Berger are principals and co-owners of Yellowcake.

9)    Upon information and belief, Platino is a California corporation owned by A. Mitchell and M. Mitchell.

10)    Upon information and belief, Platino is primarily engaged in the business of selling and distributing music.

11)    Upon information and belief, Antoine is a California corporation owned by M. Mitchell.

12)    Upon information and belief, Antoine is primarily engaged in the business of selling and distributing music.

13)    Upon information and belief, A. Mitchell and M. Mitchell are married individuals residing in Los Angeles County, California.

## JURISDICTION AND VENUE

14)    Counterclaimants' claims arise, in part, under the Copyright Act, 17 U.S.C. §§ 101 *et seq.* Subject matter jurisdiction over this action is conferred upon this Court by 28 U.S.C. §§ 1331 and 1338.

15)    The Court has personal jurisdiction over Platino because, upon information and belief, Platino is a corporation duly organized and existing by virtue of laws of the state of California.

16)    The Court has personal jurisdiction over Antoine because, upon information and belief, Antoine is a corporation duly organized and existing by virtue of laws of the state of California.

17)    The Court has personal jurisdiction over A. Mitchell and M. Mitchell, because, upon information and belief, A. Mitchell and M. Mitchell reside in Los Angeles

HEFNER STARK & MAROIS, LLP
2150 River Plaza Drive, Suite 450
Sacramento, CA 95833
Telephone 916.925.6620

County, California.

18)     Venue in this District is proper under 28 U.S.C. §§ 1391(d) and 1400(a).

19)     This Court has supplemental jurisdiction over all common law claims pursuant to 28 U.S.C. § 1367.

## FACTS RELEVANT TO ALL COUNTERCLAIMS

Colonize and Yellowcake's Ownership of the Sound Recordings:

20)     On or about August 15, 2013, RBV purchased fifty percent (50%) of the ownership rights to the M-Gen Catalog pursuant to the terms of a certain Asset Purchase Agreement (the "APA"). A copy of the APA is annexed hereto as **Exhibit "A"**.

21)     However, pursuant to the terms of the APA, Platino retained the rights to sell physical copies of the Masters that comprised the M-Gen Catalog only. The right to sell, distribute or otherwise exploit digital copies of the M-Gen Catalog belonged exclusively to RBV.

22)     Also, upon information and belief, in or about August 2013, Platino assigned the remaining fifty percent (50%) interest in the M-Gen Catalog to M. Mitchell.

23)     After acquiring their respective fifty percent (50%) ownership interests in the M-Gen Catalog, Hernandez formed M-Gen Stream, Inc. ("M-Gen") on or about September 11, 2013.

24)     Hernandez and M. Mitchell each owned fifty percent (50%) of the shares of M-Gen.

25)     Thereafter, both RBV and M. Mitchell assigned the entirety of their respective fifty percent (50%) ownership interests in the M-Gen Catalog to M-Gen.

26)     In or around September 2013, RBV entered into a written distribution agreement with M-Gen, pursuant to which RBV obtained the exclusive right to distribute and otherwise exploit the entirety of the M-Gen Catalog, including the digital copies of the Masters therein (the "M-Gen Distribution Agreement").

27)     Also around October 2013, RBV entered into a written distribution agreement with A. Mitchell and/or Platino, pursuant to which RBV obtained the

HEFNER STARK & MAROIS, LLP
2150 River Plaza Drive, Suite 450
Sacramento, CA 95833
Telephone: 916.925.6620

**DEFENDANTS' ANSWER TO PLAINTIFFS' COMPLAINT WITH AFFIRMATIVE DEFENSES, COUNTERCLAIMS, AND THIRD-PARTY CLAIMS**

exclusive right to distribute and otherwise exploit the entirety of all sound recordings owned or controlled by Platino that were not included in the sale of the M-Gen Catalog to RBV (collectively hereinafter, the "Platino Catalog") (the agreement, hereinafter the "A. Mitchell/Platino Distribution Agreement").

28)     In or about February 2016, RBV assigned both the M-Gen Distribution Agreement and the A. Mitchell/Platino Distribution Agreement to Colonize.

29)     In or about March 2016, M-Gen was dissolved (retroactively to December 31, 2015, for tax purposes) and the assets of M-Gen were distributed to the two shareholders, Hernandez (who had acquired RBV's shares in M-Gen) and M. Mitchell. As such, ownership of the M-Gen Catalog was distributed fifty percent (50%) each to Hernandez and M. Mitchell.

30)     After M-Gen's dissolution, the exclusive rights to distribute and otherwise exploit the M-Gen Catalog remained with Colonize.

31)     Upon information and belief, M. Mitchell assigned her fifty percent (50%) ownership interest in the M-Gen Catalog to Antoine.

32)     In or about January 2017, Hernandez assigned his fifty percent (50%) interests in the M-Gen Catalog to Yellowcake.

33)     Currently, Yellowcake owns fifty percent (50%) of the M-Gen Catalog, Antoine owns the other fifty percent (50%) and Colonize maintains the contractual right to digitally exploit the M-Gen Catalog.

Colonize's Right to Exploit the Different Master Recordings under the Distribution Agreements

34)     In or about October, 2013, Colonize's predecessor in interest, RBV, entered into the written A. Mitchell/Platino Distribution Agreement whereby A. Mitchell and/or Platino agreed that RBV would have the exclusive rights to distribute, administer, monetize, and otherwise exploit Platino Catalog.

35)     The initial term of the A. Mitchell/Platino Distribution Agreement was five (5) years from 2013 to 2018. Pursuant to Section 6(c) of the A. Mitchell/Platino

HEFNER STARK & MAROIS, LLP
2150 River Plaza Drive, Suite 450
Sacramento, CA 95833
Telephone: 916.925.6620

**DEFENDANTS' ANSWER TO PLAINTIFFS' COMPLAINT WITH AFFIRMATIVE DEFENSES, COUNTERCLAIMS, AND THIRD-PARTY CLAIMS**

Distribution Agreement, after the initial term, the term of thereof automatically renewed on the anniversary of its effective date unless either party provided written notice of termination at least thirty (30) days prior to the renewal date.

36) The A. Mitchell/Platino Distribution Agreement is still in full force and effect and has not been terminated.

37) In or about February 2016, RBV assigned both the M-Gen Distribution Agreement and the A. Mitchell/Platino Distribution Agreement to Colonize with the knowledge and consent of A. Mitchell, M. Mitchell, Platino and Antoine.

38) In addition to the Platino Catalog, pursuant to the A. Mitchell/Platino Distribution Agreement, Colonize lawfully exploited and distributed certain other catalogs of sound recordings that were licensed and controlled by A. Mitchell/Platino, which included the "DMY Masters" and the "IKA Masters" referred to in the Complaint.

39) In or about October 2017, Colonize entered into a written distribution agreement with non-party Aggressive Digital, LLC ("Aggressive") whereby Colonize was granted the right to distribute, administer and otherwise lawfully exploit certain sound recordings owned by Aggressive (the "Aggressive Masters").

40) In sum, Colonize lawfully distributed, administered and otherwise exploited the M-Gen Catalog, Platino Catalog, DMY Masters, IKA Masters and Aggressive Masters, pursuant to the respective Distribution Agreements, and Colonize otherwise fully performed its obligations thereunder.

The Colonize Videos

41) Colonize owns and controls a number of "channels" on the www.youtube.com website ("YouTube") through which it "monetizes" the sound recordings it distributes by posting those sound recordings on YouTube.

42) YouTube has a process where a sound recording can be uploaded to YouTube, and then YouTube creates an "Art Track" video that displays recording related artwork and allows viewers to listen to the sound recording.

///

HEFNER STARK & MAROIS, LLP
2150 River Plaza Drive, Suite 450
Sacramento, CA 95833
Telephone: 916.925.6620

**DEFENDANTS' ANSWER TO PLAINTIFFS' COMPLAINT WITH AFFIRMATIVE DEFENSES, COUNTERCLAIMS, AND THIRD-PARTY CLAIMS**

43)    In connection with the lawful digital exploitation of the M-Gen Catalog and the Platino Catalog, Colonize uploaded a number of the sound recordings from the Catalogs onto Colonize's YouTube channels.

44)    YouTube then created "Art Track" videos that were lawfully created and authorized derivative works of the M-Gen Catalog and Platino Catalog (the "Art Tracks").

45)    Pursuant to the M-Gen Distribution agreement, Colonize also uploaded a number of the videos that were purchased as part of the acquisition of the M-Gen Catalog (the "M-Gen Videos") to its YouTube channels (the Art Track Videos and M-Gen Videos, collectively the "Videos").

46)    The Videos are and were under the exclusive contractual control of Colonize.

47)    At no time did Platino, Antoine, M. Mitchell or A. Mitchell have any right or authority to access Colonize's "YouTube channels" for the purpose of removing, disabling or editing any of the Videos posted on those channels.

Counterclaim Defendants' and Third-Party Defendants' Unlawful Acts

48)    After the sale of the M-Gen Catalog, Platino knowingly and intentionally violated Yellowcake's ownership rights and Colonize's exclusive distribution rights in the M-Gen Catalog by using those exact same sound recordings in the M-Gen Catalog to create new "compilations" and other derivative works by incorporating the pre-existing, copyrighted sound recordings in the M-Gen Catalog into new compilations and derivative works and then selling, distributing and otherwise exploiting digital copies without authorization from either Colonize or Yellowcake.

49)    Upon information and belief, Platino also separately sold, distributed and otherwise exploited digital copies of the Platino Catalog without the knowledge and consent of Colonize, which holds the exclusive right to digitally exploit the Platino Catalog pursuant to the A. Mitchell/Platino Distribution Agreement. Platino owes Colonize such portion of the total income received by Platino due to Colonize by virtue

HEFNER STARK & MAROIS, LLP
2150 River Plaza Drive, Suite 450
Sacramento, CA 95833
Telephone 916.925.6620

**DEFENDANTS' ANSWER TO PLAINTIFFS' COMPLAINT WITH AFFIRMATIVE
DEFENSES, COUNTERCLAIMS, AND THIRD-PARTY CLAIMS**

of Colonize's exclusive distribution rights. Platino has unlawfully collected and retained all income generated by its digital distribution and exploitation of the Platino Catalog. Platino has failed to make restitution or to otherwise account to Colonize for the wrongfully retained funds.

50)    Furthermore, to the extent that Platino digitally exploited the M-Gen Catalog, which is fifty percent (50%) owned by Yellowcake and distributed exclusively by Colonize, Platino owes Yellowcake and Colonize such portion of the total income received by Platino due to Yellowcake and Colonize by virtue of Yellowcake's ownership and Colonize's exclusive distribution rights. Platino has unlawfully collected and retained all income generated by its digital distribution and exploitation of the M-Gen Catalog. Platino has failed to make restitution or to otherwise account to Colonize and Yellowcake for the wrongfully retained funds.

51)    Platino and Antoine filed the instant action alleging, amongst other things, that Defendants/Counterclaimants/Third-Party Plaintiffs have unlawfully exploited new sound recordings allegedly owned by Platino and/or Antoine, when in reality, the sound recordings allegedly infringed are the very same sound recordings that comprise the M-Gen Catalog, which Platino partially sold to RBV, is now partially owned by Yellowcake and is exclusively distributed by Colonize.

52)    Platino and Antoine also filed the instant action alleging, amongst other things, that Defendants/Counterclaimants/Third-Party Plaintiffs have unlawfully exploited the Platino Catalog allegedly owned by Platino and Antoine Music as well as the DMY Masters, IKA Masters and Aggressive Masters, even though exclusive rights to exploit these sound recordings were granted to RBV and then assigned to Colonize under the terms of the A. Mitchell/Platino Distribution agreement.

///

///

///

///

HEFNER STARK & MAROIS, LLP
2150 River Plaza Drive, Suite 450
Sacramento, CA 95833
Telephone: 916.925.6620

**DEFENDANTS' ANSWER TO PLAINTIFFS' COMPLAINT WITH AFFIRMATIVE DEFENSES, COUNTERCLAIMS, AND THIRD-PARTY CLAIMS**

HEFNER STARK & MAROIS, LLP
2150 River Plaza Drive, Suite 450
Sacramento, CA 95833
Telephone 916.925.6620

## AS AND FOR A FIRST COUNTERCLAIM AND FIRST THIRD-PARTY CLAIM

### (Declaratory Judgment)

**(By Counterclaimants/Third-Party Plaintiffs as Against Counterclaim Defendants and Third-Party Defendants)**

53)   Defendants/Counterclaim Plaintiffs/Third-Party Plaintiffs repeat, re-allege and incorporate by reference in this paragraph the allegations set forth in Paragraphs 1 through 52, inclusive, and incorporate them by reference as though set forth fully herein.

54)   Plaintiffs/Counterclaim Defendants/Third-Party Defendants are suing Defendants/Counterclaimants/Third-Party Plaintiffs on the false basis that Defendants/Counterclaimants/Third-Party Plaintiffs are unlawfully exploiting the M-Gen Catalog and Platino Catalog despite the fact that Defendants/Counterclaimants/Third-Party Plaintiffs are and were the lawful partial owners of the M-Gen Catalog and licensees of the Platino Catalog who hold the exclusive rights to digitally exploit both the M-Gen Catalog and the Platino Catalog pursuant to the M-Gen Distribution Agreement and A. Mitchell/Platino Distribution Agreement.

55)   Plaintiffs/Counterclaim Defendants/Third-Party Defendants are suing Defendants/Counterclaimants/Third-Party Plaintiffs on the false basis that Defendants/Counterclaimants/Third-Party Plaintiffs are unlawfully exploiting the DMY Masters, IKA Masters and Aggressive Masters despite the fact that Defendants/Counterclaimants/Third-Party Plaintiffs have the right to digitally exploit the DMY Masters, IKA Masters and Aggressive Masters pursuant to valid distribution agreements.

56)   Plaintiffs/Counterclaim Defendants/Third-Party Defendants are accusing Defendants/Counterclaimants/Third-Party Plaintiffs of unlawfully exploiting the Videos despite the fact that Defendants/Counterclaimants/Third-Party Plaintiffs are and were the rightful owners of the Videos and/or possess a contractual right to exploit

**DEFENDANTS' ANSWER TO PLAINTIFFS' COMPLAINT WITH AFFIRMATIVE DEFENSES, COUNTERCLAIMS, AND THIRD-PARTY CLAIMS**

the Videos.

57) An actual controversy exists concerning the ownership of and right to exploit the M-Gen Catalog, Platino Catalog, DMY Masters, IKA Masters, Aggressive Masters and the Videos.

58) Defendants/Counterclaimants/Third-Party Plaintiffs have suffered an injury in fact as the result of the Defendants/Counterclaim Defendants and Third-Party Defendants' actions.

59) There is a causal connection between Defendants/Counterclaimants/ Third-Party Plaintiffs' injuries and the Plaintiffs/Counterclaim Defendants and Third-Party Defendants' conduct complained of.

60) It is likely that Defendants/Counterclaimants/Third-Party Plaintiffs' injuries would be redressed by a favorable decision.

61) Accordingly, pursuant to 28 U.S.C. § 2201, Defendants/Counterclaimants/ Third-Party Plaintiffs' are entitled to a declaratory judgment in their favor and against Plaintiffs/Counterclaim Defendants and Third-Party Defendants', that amongst other things: (i) Defendants/Counterclaimants/Third-Party Plaintiffs' are and have been the rightful partial owners of the M-Gen Catalog and the Videos with the exclusive rights to digitally exploit same; (ii) that Defendants/Counterclaimants/Third-Party Plaintiffs' did not infringe any copyrights belonging to Plaintiffs/Counterclaim Defendants or Third-Party Defendants; (iii) that Defendants/Counterclaimants/Third-Party Plaintiffs have the right to exploit the Platino Catalog, DMY Masters, IKA Masters and Aggressive Masters and (iv) have the right to exploit the Videos.

## AS AND FOR A SECOND COUNTERCLAIM

### (Copyright Infringement)

### (By Yellowcake Against Platino)

62) Defendants/Counterclaim Plaintiffs/Third-Party Plaintiffs repeat, re-allege and incorporate by reference in this paragraph the allegations set forth in Paragraphs 1 through 61, inclusive, and incorporate them by reference as though set forth fully herein.

HEFNER STARK & MAROIS, LLP
2150 River Plaza Drive, Suite 450
Sacramento, CA  95833
Telephone 916.925.6620

**DEFENDANTS' ANSWER TO PLAINTIFFS' COMPLAINT WITH AFFIRMATIVE DEFENSES, COUNTERCLAIMS, AND THIRD-PARTY CLAIMS**

63)     This cause of action arises under 17 U.S.C. § 501.

64)     Since January 2017, Yellowcake has owned an interest in the M-Gen Catalog and is entitled to the rights provided under 17 U.S.C. § 106.

65)     Each asset of the M-Gen Catalog is an original work of authorship and constitutes copyrightable subject matter within the meaning of 17 U.S.C. § 102.

66)     Platino has created derivative works of, reproduced, sold, distributed, synchronized and publicly performed digital copies the M-Gen Catalog now partially owned by Yellowcake, without license or authorization from Yellowcake.

67)     Neither Yellowcake, nor any predecessor in interest, ever granted Platino the right or authorization to digitally exploit the M-Gen Catalog.

68)     By reproducing, selling, synchronizing, distributing, creating derivative works of, and publicly performing the M-Gen Catalog, Platino violated and infringed Yellowcake's exclusive rights under 17 U.S.C. § 106.

69)     A. Mitchell and Platino knew that they had partially sold the M-Gen Catalog and that Yellowcake, though its successors in interest, held the exclusive rights to digitally exploit the M-Gen Catalog, so that Platino's acts of infringement were willful, intentional, purposeful, and/or in disregard of Yellowcake's rights.

70)     By reason of Platino's continued willful infringement, Yellowcake has sustained and will continue to sustain substantial injury, loss and damage to its ownership rights in the M-Gen Catalog.

71)     By reason of Platino's willful infringement, Yellowcake has sustained irreparable harm that cannot be remedied by monetary damages alone.

72)     Yellowcake is entitled to an injunction restraining Platino, its officers, directors, agents, employees, representatives, and all persons acting in concert with them, from further engaging in such acts of copyright infringement.

73)     Pursuant to 17 U.S.C.§ 504(c), Yellowcake is further entitled to recover from Defendants actual damages or up to One Hundred Fifty Thousand Dollars ($150,000.00) in statutory damages for each work as a result of Platino's acts of

copyright infringement.

74) Pursuant to 17 U.S.C. § 505, Yellowcake is further entitled to recover from Platino the reasonable attorney's fees and legal costs incurred as a result of Platino's acts of copyright infringement.

75) Upon information and belief, Yellowcake is entitled to damages not readily ascertainable but believed to be in excess of Fifty Million Dollars ($50,000,000.00).

## AS AND FOR A THIRD COUNTERCLAIM AND
## SECOND THIRD-PARTY CLAIM
### (Contributory Copyright Infringement)

### (By Yellowcake as Against Antoine, A. Mitchell and M. Michell)

76) Defendants/Counterclaim Plaintiffs/Third-Party Plaintiffs repeat, re-allege and incorporate by reference in this paragraph the allegations set forth in Paragraphs 1 through 75, inclusive, and incorporate them by reference as though set forth fully herein.

77) Upon information and belief, each of the Plaintiffs/Counterclaim Defendants/Third Party Defendants knowingly and systematically induced, caused, materially contributed to, had reason to know of and participated in, the infringement of Yellowcake's exclusive rights under 17 U.S.C. § 106 by the unauthorized reproduction, creation of derivative works, distribution and/or public performance by means of digital transmission of the M-Gen Catalog partially owned by Yellowcake.

78) At no time has Yellowcake, or any of its successors in interest, authorized Antoine, its individual owners, affiliates, subsidiaries and/or parent company or A. Mitchell or M. Mitchell, to reproduce, create derivatives of, distribute and/or perform by means of digital transmission any of the M-Gen Catalog.

79) Antoine, A. Mitchell and M. Mitchell's infringement is presently ongoing. Antoine, A. Mitchell and M. Mitchell continue to engage in new unauthorized uses, distribution and exploitation of the M-Gen Catalog.

80) Upon information and belief, through their actions and/or inaction, Antoine, A. Mitchell and M. Mitchell each knowingly induced, caused or materially

HEFNER STARK & MAROIS, LLP
2150 River Plaza Drive, Suite 450
Sacramento, CA 95833
Telephone 916.925.6620

**DEFENDANTS' ANSWER TO PLAINTIFFS' COMPLAINT WITH AFFIRMATIVE DEFENSES, COUNTERCLAIMS, AND THIRD-PARTY CLAIMS**

contributed to copyright infringement by each other and Platino, and each should be held liable as a contributory infringer.

81)    Antoine, A. Mitchell and M. Mitchell each contributed to the violation of Yellowcake's rights under 17 U.S.C. § 501.

82)    Pursuant to 17 U.S.C. § 504(c), Yellowcake is further entitled to recover from Antoine, A. Mitchell and M. Mitchell actual damages or up to One Hundred Thousand Dollars ($150,000.00) in statutory damages for each work as a result of Antoine, A. Mitchell and M. Mitchells' acts of contributory copyright infringement.

83)    Pursuant to 17 U.S.C. § 505, Yellowcake is further entitled to recover from Antoine, A. Mitchell and M. Mitchell reasonable attorneys' fees and legal costs incurred as a result of Third-Party Defendants' acts of contributory copyright infringement.

84)    Upon information and belief, Yellowcake is entitled to damages not readily ascertainable but believed to be in excess of Fifty Million Dollars ($50,000,000.00).

## AS AND FOR A FOURTH COUNTERCLAIM

### (Breach of Contract)

### (By Colonize as Against Platino and A. Mitchell)

85)    Defendants/Counterclaim Plaintiffs/Third-Party Plaintiffs repeat, re-allege and incorporate by reference in this paragraph the allegations set forth in Paragraphs 1 through 84, inclusive, and incorporate them by reference as though set forth fully herein.

86)    The written A. Mitchell/Platino Distribution Agreement between A. Mitchell and/or Platino and Colonize is a valid and enforceable contract.

87)    Colonize has performed all of its obligations under the A. Mitchell/Platino Distribution Agreement.

88)    A.Mitchell/Platino breached the terms of the A. Mitchell/Platino Distribution Agreement by selling, licensing or otherwise digitally exploiting master recordings and derivative works which should have been exclusively distributed by Colonize under the A. Mitchell/Distribution Agreement including, but not limited to, the Platino Catalog, DMY Masters, IKA Masters and Aggressive Masters.

HEFNER STARK & MAROIS, LLP
2150 River Plaza Drive, Suite 450
Sacramento, CA 95833
Telephone: 916.925.6620

**DEFENDANTS' ANSWER TO PLAINTIFFS' COMPLAINT WITH AFFIRMATIVE DEFENSES, COUNTERCLAIMS, AND THIRD-PARTY CLAIMS**

89)    A. Mitchell/Platino breached the terms of the A. Mitchell/Distribution Agreement without excuse or justification.

90)    As a result of Platino's breach of the terms of the A. Mitchell/Distribution Agreement, Colonize has suffered damages in an amount not readily ascertainable but believed to be in excess of Ten Million Dollars ($10,000,000).

## AS AND FOR A FIFTH COUNTERCLAIM

### (Accounting)

### (By Yellowcake and Colonize as Against Platino and Antoine)

91)    Defendants/Counterclaim Plaintiffs/Third-Party Plaintiffs repeat, re-allege and incorporate by reference in this paragraph the allegations set forth in Paragraphs 1 through 90, inclusive, and incorporate them by reference as though set forth fully herein.

92)    Platino and Antoine knowingly and intentionally violated Yellowcake's rights in the M-Gen Catalog by using those exact same sound recordings that comprise the M-Gen Catalog to create new "compilations" and other derivative works by incorporating the exact same sound recordings that comprise the M-Gen Catalog into these compilations and derivative works and then sold, distributed and otherwise digitally exploited them without authorization from Yellowcake.

93)    Platino and Antoine knowingly and intentionally violated Colonize's contractual rights to distribute the Platino Catalog by using those exact same sound recordings that comprise the Platino Catalog to create new "compilations" and other derivative works by incorporating the exact same sound recordings that comprise the Platino Catalog into these compilations and derivative works and then sold, distributed and otherwise digitally exploited them without authorization from Colonize.

94)    Platino and Antoine knowingly and intentionally violated Colonize's contractual rights to distribute the Platino Catalog by selling, distributing or otherwise digitally exploiting the Platino Catalog and retained the income therefrom.

95)    Antoine knowingly and intentionally violated Yellowcake's ownership rights in the M-Gen Catalog by selling, distributing and otherwise digitally exploited the

**DEFENDANTS' ANSWER TO PLAINTIFFS' COMPLAINT WITH AFFIRMATIVE DEFENSES, COUNTERCLAIMS, AND THIRD-PARTY CLAIMS**

HEFNER STARK & MAROIS, LLP
2150 River Plaza Drive, Suite 450
Sacramento, CA  95833
Telephone 916.925.6620

M-Gen Catalog without accounting to Yellowcake or delivering Yellowcake's share of the proceeds of such exploitations.

96)     Furthermore, to the extent that Platino and Antoine exploited the M-Gen Catalog and Platino Catalog, Platino and Antoine owe Yellowcake and Colonize all income that was unlawfully collected and retained by Platino and Antoine in connection with their unlawful digital exploitation of the M-Gen Catalog and Platino Catalog but has failed to make restitution or to otherwise account to Yellowcake and Colonize for the wrongfully retained funds.

97)     Platino and Antoine wrongfully excluded Yellowcake and Colonize from the income received as a result of their digital exploitation of the M-Gen Catalog and Platino Catalog.

98)     It is just and reasonable for Platino and Antoine to be compelled to account to Yellowcake and Colonize for the income received as a result of their exploitation of the M-Gen Catalog and Platino Catalog.

99)     Accordingly, Yellowcake and Colonize are entitled to an accounting from Platino and Antoine for all of the income received as a result of their exploitation of the M-Gen Catalog and Platino Catalog.

## AS AND FOR A SIXTH COUNTERCLAIM
## AND THIRD THIRD-PARTY CLAIM
### (Violation of the Computer Fraud and Abuse Act- 18 U.S.C. § 1030 *et seq.*)
### (By Colonize as Against Platino and A. Mitchell)

100)    Defendants/Counterclaim Plaintiffs/Third-Party Plaintiffs repeat, re-allege and incorporate by reference in this paragraph the allegations set forth in Paragraphs 1 through 99, inclusive, and incorporate them by reference as though set forth fully herein.

101)    Platino and A. Mitchell accessed Colonize's password-protected YouTube accounts/channels without authorization to remove, disable or edit the video content owned and controlled by Colonize without authorization.

///

HEFNER STARK & MAROIS, LLP
2150 River Plaza Drive, Suite 450
Sacramento, CA 95833
Telephone: 916.925.6620

**DEFENDANTS' ANSWER TO PLAINTIFFS' COMPLAINT WITH AFFIRMATIVE
DEFENSES, COUNTERCLAIMS, AND THIRD-PARTY CLAIMS**

102)   Platino and A. Mitchell did so with the intent to defraud and otherwise harm Colonize because Platino and A. Mitchell economically compete with Colonize.

103)   Platino's and A. Mitchell's actions caused financial harm to Colonize in the form of lost "YouTube monetization revenue" and Platino and A. Mitchell received an economically competitive advantage over Colonize.

104)   Platino's and A. Mitchell's conduct has caused a loss in excess of Five Thousand Dollars ($5,000.00) to Colonize during a one-year period. As such, pursuant to 18 USC § 1030(g), Colonize is entitled to damages in an amount not readily ascertainable, to be proven at trial, but believed to be in excess of Ten Million Dollars ($10,000,000).

105)   As a result of Platino's and A.Mitchell's conduct, Colonize has suffered irreparable and incalculable harm, for which Colonize has no adequate remedy at law, which will continue unless Platino and A. Mitchell are enjoined from further unauthorized access to and use of Colonize's YouTube accounts/channels.

106)   As such, Colonize is entitled to damages from Platino and A. Mitchell in excess of Ten Million Dollars ($10,000,000.00) together with injunctive relief prohibiting Platino and A. Mitchell from further accessing Colonize's YouTube accounts.

## AS AND FOR A SEVENTH COUNTERCLAIM
## AND FOURTH THIRD-PARTY CLAIM
### (Violation of California Comprehensive Computer Data Access and Fraud Act-California Penal Code § 502)
### (By Colonize as Against Platino and A. Mitchell)

107)   Defendants/Counterclaim Plaintiffs/Third-Party Plaintiffs repeat, re-allege and incorporate by reference in this paragraph the allegations set forth in Paragraphs 1 through 106, inclusive, and incorporate them by reference as though set forth fully herein.

///

HEFNER STARK & MAROIS, LLP
2150 River Plaza Drive, Suite 450
Sacramento, CA 95833
Telephone: 916.925.6620

**DEFENDANTS' ANSWER TO PLAINTIFFS' COMPLAINT WITH AFFIRMATIVE DEFENSES, COUNTERCLAIMS, AND THIRD-PARTY CLAIMS**

108)   Platino and A. Mitchell knowingly accessed and without permission used Colonize's YouTube accounts/channels in order to devise and/or execute a scheme to defraud and deceive in violation of California Penal Code § 502(c)(1).

109)   Platino and A. Mitchell knowingly accessed and without permission took, copied, and/or used data from Colonize's YouTube accounts/channels in violation of California Penal Code § 502(c)(2).

110)   Platino and A. Mitchell knowingly and without permission used or caused to be used Colonize's YouTube accounts/channels in violation of California Penal Code § 502(c)(3).

111)   Platino and A. Mitchell knowingly and without permission accessed and removed data to Colonize's YouTube accounts/channels in violation of California Penal Code § 502(c)(4).

112)   Platino and A. Mitchell knowingly and without permission accessed or caused to be accessed Defendant/Counterclaimant/Third-Party Plaintiff Colonize's YouTube accounts/channels in violation of California Penal Code § 502(c)(7).

113)   Colonize suffered and continues to suffer damage as a result of Platino and A. Mitchell's violations of the California Penal Code § 502 identified above.

114)   Platino's and A. Mitchell's conduct also caused irreparable and incalculable harm and injuries to Colonize (including, but not limited to, Colonize's reputation and goodwill), and, unless enjoined, will cause further irreparable and incalculable injury, for which Colonize has no adequate remedy at law.

115)   Platino and A. Mitchell willfully violated California Penal Code § 502 in disregard and derogation of Colonize's rights and Platino and A. Mitchell's actions as alleged above were carried out with oppression, fraud and malice.

116)   Pursuant to California Penal Code § 502(e), Colonize is entitled to injunctive relief, compensatory damages, punitive or exemplary damages, attorneys' fees, costs and other equitable relief.

///

**DEFENDANTS' ANSWER TO PLAINTIFFS' COMPLAINT WITH AFFIRMATIVE DEFENSES, COUNTERCLAIMS, AND THIRD-PARTY CLAIMS**

HEFNER STARK & MAROIS, LLP
2150 River Plaza Drive, Suite 450
Sacramento, CA 95833
Telephone 916.925.6620

HEFNER STARK & MAROIS, LLP
2150 River Plaza Drive, Suite 450
Sacramento, CA 95833
Telephone: 916.925.6620

## AS AND FOR AN EIGHTH COUNTERCLAIM AND

## FIFTH THIRD-PARTY CLAIM

### (Intentional Interference with Prospective Economic Relations)

### (By Colonize as Against Platino and A. Mitchell)

117) Defendants/Counterclaim Plaintiffs/Third-Party Plaintiffs repeat, re-allege and incorporate by reference in this paragraph the allegations set forth in Paragraphs 1 through 116, inclusive, and incorporate them by reference as though set forth fully herein.

118) Colonize and YouTube were in an economic relationship in which the monetization of the Videos on Colonize's YouTube channel, resulted in an economic benefit to Colonize.

119) Platino and A. Mitchell were aware of Colonize's relationship with YouTube and the economic benefit generated by YouTube users playing the Videos on Colonize's YouTube channel.

120) Platino and A. Mitchell improperly and without authorization accessed Colonize's password-protected YouTube accounts to remove, disable and/or edit the Videos on Colonize's YouTube channels. By engaging in this conduct, Platino and A. Mitchell were substantially certain that their actions would interfere with Colonize's ability to earn any income from monetization of Videos on YouTube.

121) Colonize has been damaged in an amount not readily ascertainable, to be proven at trial, solely as a result of Platino's and A. Mitchell's actions. Colonize's damages are believed to be in excess of Ten Million Dollars ($10,000,000).

## AS AND FOR A NINTH COUNTERCLAIM AND

## SIXTH THIRD-PARTY CLAIM

### (Money Had and Received)

### (By Yellowcake and Colonize as Against Platino,

### Antoine A. Mitchell and M. Mitchell)

122) Defendants/Counterclaim Plaintiffs/Third-Party Plaintiffs repeat, re-allege

**DEFENDANTS' ANSWER TO PLAINTIFFS' COMPLAINT WITH AFFIRMATIVE DEFENSES, COUNTERCLAIMS, AND THIRD-PARTY CLAIMS**

and incorporate by reference in this paragraph the allegations set forth in Paragraphs 1 through 121, inclusive, and incorporate them by reference as though set forth fully herein.

123)  To the extent that Platino, Antoine, A. Mitchell and M. Mitchell have received revenue that belongs to Yellowcake and Colonize based upon Yellowcake's ownership and Colonize's exclusive contractual right to exploit the M-Gen Catalog and Colonize's exclusive contractual right to exploit the Platino Catalog,  Platino, Antoine, A. Mitchell and M. Mitchell are obligated to pay that revenue to Yellowcake and Colonize.

## AS AND FOR A TENTH COUNTERCLAIM
## AND SEVENTH THIRD-PARTY CLAIM
### (Unjust Enrichment)
### (By Yellowcake and Colonize as Against Platino, Antoine A. Mitchell and M. Mitchell)

124)  Defendants/Counterclaim Plaintiffs/Third-Party Plaintiffs repeat, re-allege and incorporate by reference in this paragraph the allegations set forth in Paragraphs 1 through 123, inclusive, and incorporate them by reference as though set forth fully herein.

125)  Upon information and belief, Platino, Antoine A. Mitchell and M. Mitchell, without the consent of Yellowcake or Colonize, unlawfully exploited the M-Gen Catalog and Platino Catalog and received revenue from such unlawful exploitation.

126)  Such unlawful exploitation caused Platino, Antoine, A. Mitchell and M. Mitchell to receive an economic benefit that they otherwise would not have achieved.

127)  By reason of the acts of Platino, Antoine A. Mitchell and M. Mitchell as alleged above, Platino, Antoine A. Mitchell and M. Mitchell have been unjustly enriched at Yellowcake and Colonize's expense under such circumstances that equity and good conscience require that Platino, Antoine A. Mitchell and M. Mitchell should make restitution to Yellowcake and Colonize.

HEFNER STARK & MAROIS, LLP
2150 River Plaza Drive, Suite 450
Sacramento, CA 95833
Telephone: 916.925.6620

128)  The amount of damages to Yellowcake and Colonize resulting from Platino, Antoine, A. Mitchell and M. Mitchell unjust enrichment are not readably ascertainable but believed to be in excess of Ten Million Dollars ($10,000,000.00)

## **PRAYER FOR RELIEF**

WHEREFORE, Defendants/Counterclaimants/Third-Party Plaintiffs Colonize, Yellowcake, Hernandez and Berger respectfully pray for judgment as follows:

1)    On the First Counterclaim and Third-Party Claim by Yellowcake and Colonize against Platino, Antoine A. Mitchell and M. Mitchell, a declaratory judgment, that amongst other things:

(a) Defendants/Counterclaimants/Third-Party Plaintiffs' are and have been the rightful owners of the M-Gen Catalog and the Videos with the exclusive rights to digitally exploit same;

(b) that Defendants/Counterclaimants/Third-Party Plaintiffs' did not infringe any copyrights belonging to Plaintiffs/Counterclaim Defendants or Third-Party Defendants;

(c) that Defendants/Counterclaimants/Third-Party Plaintiffs have the right to exploit the M-Gen Catalog, the Platino Catalog, DMY Masters, IKA Masters and Aggressive Masters; and

(d) have the right to create and otherwise exploit the Videos.

2)    On the Second Counterclaim by Yellowcake against Platino:

(a)    That the Court enter a permanent injunction ordering Platino, its agents, officers, employees, representatives, successors, assign, attorneys and all other persons acting for, or on behalf of Platino, or in concert or participation with Platino, be preliminarily and permanently enjoined from reproducing, distributing, publicly performing by any means including but not limited to digital transmission, or preparing derivative works based on, or in any other way using, distributing, administering or exploiting the M-Gen Catalog;

///

HEFNER STARK & MAROIS, LLP
2150 River Plaza Drive, Suite 450
Sacramento, CA 95833
Telephone: 916.925.6620

(b)    Enter judgment that Platino has infringed the copyrights in and to the M-Gen Catalog pursuant to the U.S. Copyright Act of 1976, as amended, 17 U.S.C. § 101, *et seq.*;

(c)    Order that Yellowcake be awarded, at its election, all damages caused by the acts forming the basis of this Counterclaim including without limitation an award of statutory damages pursuant to 17 U.S.C. § 504 and actual damages in an amount not readily ascertainable but believed to be in excess of Fifty Million Dollars ($50,000,000.00);

(d)    Order that Platino be required to pay to Yellowcake the costs of this action and reasonable attorneys' fees pursuant to 17 U.S.C. § 505.

3)    On the Third Counterclaim and Second Third-Party Claim by Yellowcake against Antoine, A. Mitchell and M. Mitchell:

(a)    That the Court enter a permanent injunction ordering Antoine, A. Mitchell and M. Mitchell, their agents, officers, employees, representatives, successors, assign, attorneys and all other persons acting for, or on behalf of them, or in concert or participation with them, be preliminarily and permanently enjoined from reproducing, distributing, publicly performing by any means including but not limited to digital transmission, or preparing derivative works based on, or in any other way using, distributing, administering or exploiting the M-Gen Catalog;

(b)    That the Court enter judgment that Antoine, A. Mitchell and M. Mitchell have contributorily infringed the copyrights in and to the M-Gen Catalog pursuant to the U.S. Copyright Act of 1976, as amended, 17 U.S.C. § 101, *et seq.*;

(c)    That the Court Order that Yellowcake be awarded, at its election, all damages caused by the acts forming the basis of this Counterclaim including without limitation an award of statutory damages pursuant to 17 U.S.C. § 504 and actual damages in an amount not readily ascertainable but believed to be in excess of Fifty Million Dollars ($50,000,000.00);

///

HEFNER STARK & MAROIS, LLP
2150 River Plaza Drive, Suite 450
Sacramento, CA  95833
Telephone: 916.925.6620

(d)      That the Court Order Antoine, A. Mitchell and M. Mitchell to pay to Yellowcake the costs of this action and reasonable attorneys' fees pursuant to 17 U.S.C. § 505;

4)      On the Fourth Counterclaim by Colonize as against A. Mitchell and Platino for Breach of Contract, granting Colonize damages from A. Mitchell and Platino in an amount not readily ascertainable but believed to be in excess of Ten Million Dollars ($10,000,000.00);

5)      On the Fifth Counterclaim by Yellowcake and Colonize as Against Platino and Antoine for an Accounting, granting Yellowcake and Colonize damages from Antoine in an amount not readily ascertainable but believed to be in excess of Ten Million Dollars ($10,000,000.00);

6)      On the Sixth Counterclaim and Third Third-Party Claim by Colonize as Against Platino and A. Mitchell for violation of the Computer Fraud and Abuse Act- 18 U.S.C. § 1030 *et seq*., granting Colonize damages from Platino and A. Mitchell in excess of Ten Million Dollars ($10,000,000.00) together with injunctive relief prohibiting Platino and A. Mitchell from further accessing Colonize's YouTube accounts/channels.

7)      On the Seventh Counterclaim and Fourth Third-Party Claim by Colonize as against Platino and A. Mitchell for violation of California Penal Code § 502(e), granting Colonize injunctive relief, compensatory damages, punitive or exemplary damages in excess of Ten Million Dollars ($10,000,000.00), attorneys' fees, costs and other equitable relief provided by the statute;

8)      On the Eighth Counterclaim and Fifth Third-Party Claim by Colonize as against Platino and A. Mitchell for Intentional Interference with Prospective Economic Relations, granting damages in an amount not readily ascertainable but believed to be in excess of Ten Million Dollars ($10,000,000.00);

9)      On the Ninth Counterclaim and Sixth Third-Party Claim by Colonize and Yellowcake against Platino, Antoine, A. Mitchell and M. Mitchell for Money Had and Received, granting damages in an amount not readily ascertainable but believed to be in

HEFNER STARK & MAROIS, LLP
2150 River Plaza Drive, Suite 450
Sacramento, CA  95833
Telephone 916.925.6620

**DEFENDANTS' ANSWER TO PLAINTIFFS' COMPLAINT WITH AFFIRMATIVE
DEFENSES, COUNTERCLAIMS, AND THIRD-PARTY CLAIMS**

1  excess of Ten Million Dollars ($10,000,000.00);

2      10)    On the Tenth Counterclaim and Seventh Third-Party Claim by Colonize

3  and Yellowcake against Platino, Antoine, A. Mitchell and M. Mitchell for Unjust

4  Enrichment, granting damages in an amount not readily ascertainable but believed to be

5  in excess of Ten Million Dollars ($10,000,000.00);

6      11)    Order that Counterclaim Defendants and Third Party Defendants be

7  required to pay to Counterclaimants/Third Party Plaintiffs prejudgment interest at

8  any applicable statutory rate; and

9      12)    Grant all such other and further relief to Counterclaimants/Third-Party

10  Plaintiffs as the Court may deem just and appropriate.

## **DEMAND FOR JURY TRIAL**

11

12      Defendants/Counterclaimants/Third-Party Plaintiffs request a trial by jury on all

13  issues so triable.

14  Dated:  May 29, 2020

15                          Respectfully submitted,

16                          **HEFNER STARK & MAROIS, LLP**

17                          By: /s/ Thomas P. Griffin J

18                          Thomas P. Griffin, Jr.

19

20

21

22

23

24

25

26

27

28

HEFNER STARK & MAROIS, LLP
2150 River Plaza Drive, Suite 450
Sacramento, CA 95833
Telephone: 916.925.6620

**DEFENDANTS' ANSWER TO PLAINTIFFS' COMPLAINT WITH AFFIRMATIVE DEFENSES, COUNTERCLAIMS, AND THIRD-PARTY CLAIMS**

**Court:**          USDC, Central District, Western Division – Los Angeles
**Case No.:**       2:20-cv-03159-DSF-JPR
**Case Name:**      Platino Records, Inc. et. al. v. Colonize Media, Inc, et al.

# PROOF OF SERVICE

I am a citizen of the United States, employed in the city and county of Sacramento. My business address is 2150 River Plaza Drive, Suite 450, Sacramento, California 95833-3883. I am over the age of 18 years and not a party to the above-entitled action. I am readily familiar with my employer's practices for collection and processing of correspondence for mailing with the United States Postal Service.

On May 29, 2020, I served the following documents:

**DEFENDANTS' ANSWER TO PLAINTIFFS' COMPLAINT WITH AFFIRMATIVE DEFENSES, COUNTERCLAIMS, THIRD PARTY CLAIMS AND JURY TRIAL DEMAND**

**EXHIBIT A – VOLUME 1**

**EXHIBIT A – VOLUME 2**

✓    By Court's CM/ECF System.  Pursuant to Local Rule, I electronically filed the above-referenced document(s) with the Clerk of the Court using the CM/ECF system, which sent notification of that filing to the following persons.

Michael L. Lovitz (268976)                *Attorneys for Plaintiffs Platino Records,*
Mlovitz@lovitziplaw.com Lovitz IP Law PC  *Inc.,*
8335 W Sunset Blvd., Ste. 314 West
Hollywood, CA 90069
Email: mlovitz@lovitziplaw.com

Lawrence J Zerner                          *Attorneys for Plaintiffs Platino Records,*
Larry Zerner Law Offices                   *Inc.,*
1801 Century Park East Suite 2400
Los Angeles, CA 90067
Email:  larry@zernerlaw.com

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that this document was executed on May 29, 2020, at Sacramento, California.

▶    ⟋⟋⟨⟨⟨⟨⟨⟨⟨
Luz Samosa

Hefner, Stark & Marois, LLP
Sacramento, CA