UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PLATINO RECORDS, INC. , et al.<br><br>Plaintiff(s),<br><br>v.<br><br>COLONIZE MEDIA, INC. , et al.<br><br><br>Defendant(s). | CASE NO:<br>2:20−cv−03159−DSF−JPR<br><br>ORDER SETTING SCHEDULING CONFERENCE<br><br>Date:  Monday, July 13, 2020<br>Time:  11:00 AM |

**READ THIS ORDER CAREFULLY. IT DIFFERS IN SOME RESPECTS FROM THE LOCAL RULES.**

This case has been assigned to Judge Dale S. Fischer. This matter is set for a scheduling conference on the above date. If plaintiff has not already served the operative complaint on <u>all</u> defendants, plaintiff must do so <u>promptly</u> and must file proofs of service within three days thereafter. Defendants also must timely serve For record-keeping purposes, the Court will dismiss all remaining fictitiously-named defendants (i.e., those who have not been named) at the scheduling conference. The Court will also set a date by which motions to amend the pleadings or add parties must be heard.

\\\

The scheduling conference will be held pursuant to Rule 16(b) of the Federal Rules of Civil Procedure ("Rule __"). The parties are reminded of their obligations under Rule 26(a)(1) to disclose information (without awaiting a discovery request), and under Rule 26(f) to meet and confer on a discovery plan not later than 21 days before the scheduling conference and to file a "Joint Rule 26(f) Report" with the Court not later than 14 days after the meeting of counsel and **not later than seven days** before the scheduling. **Paper Chambers copies of the Joint Rule 26(f) Report must be delivered to Judge Fischer's box across from the Clerk's office on the fourth floor of the First Street Courthouse. Paper Chambers copies must be "blue-backed," with the title of the document on the lower right hand corner of the "blue-back," and must be "two-hole punched" at the top. Paper Chambers copies must be submitted no later than noon on the day after the e-filing. Failure to comply with the following requirements or to cooperate in the preparation of the Joint Rule 26(f) Report may lead to the imposition of sanctions.**

The Court encourages counsel to agree to begin to conduct discovery actively <u>before</u> the scheduling conference. **At the very least, the parties shall comply fully with the letter and spirit of Rule 26(a) and thereby obtain and produce most of what would be produced in the early stage of discovery, because at the scheduling conference the Court will impose strict deadlines to complete discovery.**

**This Court does not exempt parties appearing *in propria persona* from compliance with any of the Local Rules, including Local Rule 16. "Counsel," as used in this order, includes parties appearing *in propria persona*.**

1. <u>**Joint Rule 26(f) Report**</u>

The Joint Rule 26(f) Report, which must be filed not later than seven days before the scheduling conference, must be drafted and filed by plaintiff (unless the parties agree otherwise), but must be signed jointly. "Jointly" contemplates

a single report, regardless of how many separately–represented parties there are. The Joint Rule 26(f) Report must specify the date of the scheduling conference on the caption page. It must report on all matters described below, which include those required to be discussed by Rule 26(f) and Local Rule 26:

    a. <u>Statement of the case</u>: a short synopsis (not to exceed two pages) of the main claims, counterclaims, and affirmative defenses.

    b. <u>Subject matter jurisdiction</u>: a statement of the **specific** basis of federal jurisdiction, including supplemental jurisdiction.

    c. <u>Legal issues</u>: a brief description of the **key legal issues**, including any unusual substantive, procedural, or evidentiary issues.

    d. <u>Parties, evidence, etc.</u>: a list of parties, percipient witnesses, and key documents on the main issues in the case. For conflict purposes, corporate parties must identify all subsidiaries, parents, and affiliates.

    e. <u>Damages</u>: the realistic range of provable damages.

    f. <u>Insurance</u>: whether there is insurance coverage, the extent of coverage, and whether there is a reservation of rights.

    g. <u>Motions</u>: a statement of the likelihood of motions seeking to add other parties or claims, file amended pleadings, transfer venue, etc.

    h. <u>Status of Discovery</u>: a discussion of the present state of discovery, including a summary of completed discovery.

    i. <u>Discovery Plan</u>: a detailed discovery plan, as contemplated by Rule 26(f), including the identity of all anticipated deponents and dates by which their depositions are to be completed (if possible), anticipated written discovery requests, including requests for admission, document requests, and interrogatories, and a schedule for completion of all discovery. State what, if any, changes in the disclosures under Rule 26(a) should be made, the subjects on which discovery may be needed and whether discovery should be conducted in phases or

otherwise be limited, whether applicable limitations should be changed or other limitations imposed, and whether the Court should enter other orders. A statement that discovery will be conducted as to all claims and defenses, or other vague description, is not acceptable. (Pursuant to Rule 26(f)(2), a discovery plan that complies with Rule 26(f)(3) must be filed within 14 days after the scheduling conference. If the information provided in the Joint 26(f) Report does not meet these requirements, the parties must file an additional more detailed discovery plan no later than the date of the scheduling conference, even if that conference has been removed from the Court's calendar.)

j. Discovery cut-off: a proposed discovery cut-off date. *N.B.* This means the final day for **completion of discovery**, including resolution of all discovery motions.

k. Expert discovery: proposed dates for expert witness disclosures (initial and rebuttal) and expert discovery cut-off under Rule 26(a)(2).

l. Dispositive motions: description of the issues or claims that any party believes may be determined by motion for summary judgment or motion *in limine*.

m. Settlement/Alternative Dispute Resolution (ADR): a statement of what settlement discussions or written communications have occurred (excluding any statement of the terms discussed) and a statement selecting on of the three ADR Procedures specified in Local Rule 16-15.4 and indicating when the ADR session should occur.

Note: If counsel have received a Notice to Parties of Court-Directed ADR Program (form ADR-08), the case presumptively will be referred to the Court Mediation Panel or private mediation (at the parties' expense). No case will proceed to trial unless all parties, including an officer (with full authority to settle the case) of all corporate parties,

have appeared personally at an ADR proceeding.

n. <u>Trial estimate</u>: a realistic estimate of the time required for trial and whether trial will be by jury or by the court. Each side should specify (by number, not by name) how many witnesses it contemplates calling. If the time estimate for trial given in the Joint Rule 26(f) Report exceeds four court days, counsel must be prepared to discuss in detail the estimate.

o. <u>Lead Trial Counsel</u>: the name of lead trial counsel (only one lead trial counsel may be named). If a different counsel is later chosen as lead trial counsel, he or she will be bound by all representations in the Joint 26(f) Report and deadlines in the Court's Trial Order.

p. <u>Independent Expert or Master</u>: whether this is a case where the Court should consider appointing a master pursuant to Rule 53 or an independent scientific expert. (The appointment of a master may be especially appropriate if there are likely to be substantial discovery disputes, numerous claims to be construed in connection with a summary judgment motion, a lengthy Daubert hearing, a resolution of a difficult computation of damages, etc.)

q. <u>Timetable</u>: **complete the Schedule of Pretrial and Trial Dates attached to this Order and attach it to the Joint Rule 26(f) Report. Submission of a completed Schedule is mandatory.** The entries in the "Weeks Before Trial" column reflect what the Court has determined are appropriate for most cases and will allow the Court to rule on potentially dispositive motions sufficiently in advance of the pretrial conference and otherwise to prepare for the conference. The Schedule is designed to enable counsel to ask the Court to set different (**but only earlier**) last dates by which the key requirements must be completed. Each side should insert the month, day, and year that side requests

for each event. *E.g.*, for the expert discovery cut-off it might be "10/7/21" for plaintiff and "10/28/21" for defendant, if they cannot agree. Counsel are expected to act professionally and make every effort to agree on dates. At the scheduling conference, the Court will review the proposed Schedule with counsel. **Each entry proposing Court dates must fall on a Monday, except the trial date, which must be a Tuesday. Counsel should insure that requested dates do not fall on a holiday.** In appropriate cases the Court will order different dates after it hears counsel. The discovery cut-off date is the last day by which all depositions must be completed, responses to previously-served written discovery must be provided, and motions concerning discovery disputes must be heard. The cut-off date for motions is the last date on which motions may be **heard**, not filed. The Court is not likely to continue this date, and generally will not do so unless the trial date is also continued. The Schedule provides for separate "last days" for motions to amend pleadings or add parties, motions in limine, and all other motions.

r. <u>Magistrate Judge</u>: whether the parties agree to try the case before a magistrate judge. Pursuant to 28 U.S.C. § 636, the parties may consent to have a magistrate judge preside over all proceedings, including jury trials. The parties may choose any magistrate judge (not just the judge assigned to the case) from among the magistrate judges identified on the Central District website. The consent form can also be found on the website.

s. <u>Other issues</u>: a statement of any other issues affecting the status or management of the case (*e.g.*, unusually complicated technical or technological issues, disputes over protective orders, extraordinarily voluminous document production, non-English speaking witnesses,

ADA-related issues, discovery in foreign jurisdictions, etc.) and any proposals concerning severance, bifurcation, or other ordering of proof.

The Joint Rule 26(f) Report should provide the described information under section headings corresponding to those in this Order.

## 2. Scheduling Conference

The scheduling conferences will be held in the First Street Courthouse, courtroom 7D, 350 West 1st St., Los Angeles, CA. Counsel shall comply with the following:

a. Participation: Lead counsel **must** attend the scheduling conference, unless excused by the Court for good cause shown in advance of the scheduling conference. When seeking permission not to attend, lead counsel must identify the person who will appear by name and bar number, and specify that person's involvement in the case. The Court may choose to postpone the scheduling conference rather than to permit counsel other than lead counsel to attend. Neither local counsel nor other counsel designated as trial counsel may appear at a scheduling conference in place of lead counsel. Counsel should not purport to be "co-lead" counsel as a means of avoiding this requirement. Only one attorney may be named as lead counsel.

b. Continuance: A continuance of the scheduling conference will be granted only for good cause.

## 3. Notice to be Provided by Counsel

Plaintiff's counsel or, if plaintiff is appearing *pro se*, defendant's counsel, must provide this Order to any parties who first appear after the date of this Order and to parties who are known to exist but have not yet entered appearances.

## 4. Disclosure to Clients

Counsel are ordered to deliver to their respective clients a copy of this Order

and of the Court's trial order, which will contain the schedule that the Court sets at the scheduling conference.

### 5. Court's Website

Copies of this and other orders of this Court that may become applicable to this case are available on the Central District of California website, at www.cacd.uscourts.gov, under "Judge's Procedures and Schedules." Copies of the Local Rules are available on the website.

The Court thanks the parties and their counsel for their anticipated cooperation in complying with these requirements.

**<u>Caveat</u>: Unless lead counsel is excused by the Court in advance of the scheduling conference, the attorney who appears at the scheduling conference will be deemed lead counsel. If counsel fail to file the required Joint Rule 26(f) Report, or the required pretrial documents, or if lead counsel fails to appear at the scheduling conference, the pretrial conference, or any other proceeding <u>scheduled by the Court</u>, and such failure is not satisfactorily explained to the Court: (a) the case will be dismissed for failure to prosecute, if such failure occurs on the part of the plaintiff; (b) default (and thereafter default judgment will be entered if such failure occurs on the part of the defendant; or (c) the Court will take such other action as it deems appropriate.**

**IT IS SO ORDERED.**

DATED: June 1, 2020          /s/ *Dale S. Fischer*
                             Dale S. Fischer
                             United States District Judge

## SCHEDULE OF PRETRIAL AND TRIAL DATES

CASE NAME:

CASE NO:

| Matter | Time | Weeks before trial | Plaintiff(s) Request | Defendant(s) Request | Court Order |
|---|---|---|---|---|---|
| Trial (jury)(court) (length ___days) **(Tuesday)** | 8:30 am | | | | |
| For Court Trial Lodge Findings of Fact and Conclusions of Law, LR 52; File Exhibit & Witness Lists, LR 16-5,6; File Status Report Regarding Settlement; Summaries of Direct Testimony (optional) | | 3 | | | |
| Pretrial Conference, LR 16; Hearing on Motions in Limine **(Monday)** | 3:00 pm | 4 | | | |
| For Jury Trial Lodge Pretrial Conference Order, LR 16- File Agreed Set of Jury Instructions and Verdict Forms; Statement Regarding Disputed Instructions, Verdicts, etc.; Oppositions to Motions in Limine | | 6 | | | |
| For Jury Trial File Memo of Contentions of Fact and Law, LR 16-4; Exhibit & Witness Lists, LR 16-5,6; Status Report Regarding Settlement; Motions in Limine (no more than five motions per side may be filed without Court permission) | | 7 | | | |
| Last day to conduct ADR Proceeding, LR 16-15 | | 12 | | | |
| Last day to hear motions (except motion to amend pleadings or add parties and motions in limine), LR 7 **(Monday)** | | 14 | | | |
| Non-expert Discovery Cut-off | | 21+ | | | |
| Expert Disclosure (initial) | | | | | |
| Expert Disclosure (rebuttal) | | | | | |
| Expert Discovery Cut-off | | 21+ | | | |
| Last day to hear motion to amend pleadings or add parties **(Monday)** | | 32+ | | | |
| | | | | | |

LR 16-15 ADR Choice:   ☐ 1. USMJ         ☐ 3. Outside ADR
                                     ☐ 2. Attorney Settlement Panel

Exhibit A