Larry Zerner (155473)
larry@zernerlaw.com
Michael L. Lovitz (268976)
mlovitz@lovitziplaw.com
Lovitz IP Law PC
8335 W Sunset Blvd., Ste. 314
West Hollywood, CA 90069
Telephone:   (323) 337-9088
Facsimile:    (310) 861-6566
Attorneys for Plaintiffs/Counterdefendants
Platino Records, Inc., and Antoine Music, Inc.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **Platino Records, Inc. and Antoine Music, Inc.**,<br>            Plaintiffs,<br>    vs.<br>**Colonize Media, Inc., Yellowcake, Inc., Jose David Hernandez, Kevin Berger, and DOES 1-10**,<br>            Defendants.<br><br>**Colonize Media, Inc., Yellowcake, Inc., Jose David Hernandez, Kevin Berger, and DOES 1-10**,<br>            Counterclaim Plaintiffs,<br>    vs.<br>**Platino Records, Inc., Antoine Music, Inc., Alberto Mitchell and Maria Mitchell**,<br>            Counterclaim Defendants. | Case No. 2:20-CV-3159-DSF-JPR<br><br>Assigned to the Hon. Dale S. Fischer<br><br>**JOINT REPORT OF PARTIES PURSUANT TO F.R.C.P. RULE 26**<br><br>Date: Monday, July 13, 2020<br>Time: 11:00 AM<br><br><br>*[Fed.R.Civ.P. 26(f)(1) Conference of the Parties completed June 15, 2020]* |

TO ALL PARTIES AND TO THE COURT:

Plaintiffs and Counter-Defendants Platino Records, Inc. ("Platino"), and Antoine Music, Inc. ("Antoine") (collectively, "Plaintiffs), by and through their counsel of record,

Larry Zerner of the Law Offices of Larry Zerner and Michael Lovitz of Lovitz IP Law PC and Defendants and Counter- Claimants Colonize Media, Inc. ("Colonize"), Yellowcake, Inc. ("Yellowcake"), Jose David Hernandez, and Kevin Berger (collectively, "Defendants"), by and through their counsel of record, Seth L. Berman of Abrams, Fensterman, Fensterman, Eisman, Formato, Ferrara, Wolf & Carone, LLP, and Thomas P. Griffin, Jr. of Hefner Stark & Marois, LLP respectfully submit the following Joint Report of the Parties' Early Meeting of Counsel.

In accordance with Rule 26(f) of the Federal Rules of Civil Procedure and respective counsel for Plaintiffs and Defendants held an early meeting of counsel on June 15, 2020 and discussed the following:

JOINT RULE 26(F) REPORT:

A.     STATEMENT OF THE CASE

**Plaintiffs' Statement**

Plaintiffs are companies which own and control the rights to a large catalog of recorded music and music videos featuring artists from Mexico and music by Mexican musicians and musical groups. Plaintiffs entered into agreements with Defendants whereby Defendants would digitally distribute Plaintiff's catalog in exchange for a percentage of the revenue earned from the distribution. Plaintiffs also entered into license agreement with two third party music companies ("DMY" and "IKA") and allowed Defendants to digitally distribute the DMY and IKA catalogs as well.

However, in 2019, even though Defendants were earning upwards of over $100,000 per month in revenue from this distribution, Defendants stopped paying Plaintiffs' their share of the revenue, in violation of these agreements.

Plaintiffs then terminated all agreements allowing Defendants to distribute Plaintiffs' catalogs (as well as that of DMY and IKA) but Defendants continued to distribute Plaintiffs' music catalogs and those of DMY and IKA, despite no longer have permission to do so. Further, when Plaintiffs began working with a new digital distributor that uploaded Plaintiffs' music directly to distribution and streaming platforms such as YouTube, Apple Music, iTunes and Spotify, Defendants wrongfully sent infringement notices to those platforms, with the aim of having them removed from these platforms so that Plaintiffs could no longer earn money from the distribution of their own catalog of songs.

**Defendants' Statement**

Plaintiffs' claims are nothing more than a preemptive attack on Defendants and a diversionary tactic being employed by Plaintiffs as the result of Defendants' discovery of Plaintiffs' fraudulent scheme involving the unlawful exploitation of Defendants' rights in certain sound recordings.

Colonize is a company primarily engaged in the business of digital music distribution, whereas Yellowcake is primarily engaged in the business of intellectual property rights management. In or about August 2013, Yellowcake's predecessor in

interest purchased the digital distribution rights to a catalog of certain master sound recordings owned by Platino (the "M-Gen Catalog"). Around the same time, Colonize's predecessor in interest entered into a series of written contractual agreements to digitally distribute the remaining master sound recordings in the catalog still owned by Platino (the "Platino Catalog") as well as other master recordings licensed to Platino. Sometime thereafter, Plaintiffs started engaging in a scheme to defraud Defendants by exploiting allegedly new "compilations" which included master sound recordings from the M-Gen Catalog without authorization and started exploiting master recordings from the Platino Catalog notwithstanding Yellowcake's rights in the M-Gen Catalog and Colonize's exclusive contractual rights to digitally distribute the Platino Catalog. Contrary to Plaintiffs' misrepresentations, Colonize was also entitled to distribute the DMY and IKA Catalogs referred to by Plaintiffs pursuant to the written digital distribution agreement with Platino that still remains in full force and effect. In furtherance of their scheme to unfairly compete with Yellowcake and Colonize using their own rights, Platino and its owner, Alberto Mitchell, also intentionally and unlawfully deleted videos rightfully belonging to Colonize from Colonize's YouTube channels causing significant economic loss to Colonize. As such, Plaintiffs' claims have no merit and judgment should be granted in favor of Defendants on their counterclaims and Third-Party claims.

      B.        SUBJECT MATTER JURISDICTION.

This action arises out of 17 U.S.C., §501 and 504.  The Court has jurisdiction over the subject matter pursuant to 28 U.S.C. §1338(a).

C.     LEGAL ISSUES

**Plaintiffs' Statement**

This action pertains to the unlawful exercise of rights by Defendants in works of authorship protected under the U.S. Copyright Act in the form of the continuous unauthorized distribution of such works of authorship following the termination of a distribution license, resulting in the infringement by Defendants of the copyrights in such works, and damages caused to Plaintiffs as a result of the same.  This action also pertains to the lawful exercise by Plaintiffs of the non-exclusive rights in works of authorship enjoyed by joint owners of such rights, subject only to the duty of accounting imposed by the U.S. Copyright Act.  Further, this action pertains to the damages caused to Plaintiffs by Defendants' activities of knowingly and materially misrepresenting (i) Plaintiffs' rights in their catalogs of music, and (ii) Plaintiffs' activities with respect to the lawful distribution of their catalogs of music as being infringing.

**Defendants' Statement**

The legal issues in this matter concern:

(1) Defendants' entitlement to a declaratory judgement in their favor pursuant to 28 U.S.C. § 2201 declaring that Defendants have not infringed Plaintiffs' copyrights when those same rights were either sold or exclusively licensed to Defendants;

(2) Platino's liability for its breach of the U.S. Copyright Act (17 U.S.C. § 101 *et seq*.) as a result of its unauthorized exercise of rights under 17 U.S.C. § 106 that belong exclusively to Defendant Yellowcake;

(3) Antoine, A. Mitchell and M. Michell's liability for contributory copyright infringement as a result of their acts in contributing to each other's unauthorized exercise of rights under 17 U.S.C. § 106 that belong exclusively to Defendant Yellowcake;

(4) Platino and A. Mitchell's liability for their breach of the exclusive written distribution agreement with Colonize by unlawfully exploiting the same master recordings subject to the distribution agreement without authorization from Colonize;

(5) Platino and Antoine's legal obligation to account to Defendants as the result of their unlawful exploitation of the M-Gen and Platino Catalogs;

(6) Platino and M. Mitchell's liability under the Computer Fraud and Abuse Act (18 U.S.C. § 1030 *et seq.*) and the California Comprehensive Computer Data Access and Fraud Act (California Penal Code § 502) as a result of their unauthorized access to Colonize's YouTube channels and unauthorized destruction of Colonize's videos and related data;

(7) Platino and A. Mitchell's liability for Intentional Interference with Prospective Economic Relations as a result of their unauthorized access to Colonize's YouTube channels and unauthorized destruction of Colonize's videos and related data;

(8) Platino, Antoine, A. Mitchell and M. Mitchell's legal obligation to make restitution to Defendants as the result of their unlawful exploitation of the M-Gen and Platino Catalogs.

D.     PARTIES AND EVIDENCE

**Plaintiffs**

**Parties**: Platino Records, Inc. and Antoine Music, Inc., Alberto Mitchell, Maria Mitchell.

**Witnesses**: Alberto Mitchell, Maria Mitchell, Hector Villalobos, Michael Villalobos, Humberto Sanchez, Maria Garcia, Kevin Berger, Jose David Hernandez, Ricardo Rivera, Isais Gonzalez, Jose Martinez, Jonathan Mitchell, Eric Dominguez, Tate Palmer, Artemio Velazquez

**Key Documents**:

i.     Written Contracts between Plaintiffs and Defendants;

ii.    Written Contracts between Plaintiffs and DMY and IKA;

iii.   Email Correspondence between Plaintiffs and Defendants;

iv.    Records of past payments from Defendants to Plaintiffs;

v.     Records of music sales, advertising revenues, and other income derived by Defendants through all distribution channels, websites and platforms as a result of the distribution by Defendants of Plaintiffs' catalogs of music and the music of DMY and IKA;

    vi.    Copyright registrations for works at issue;

    vii.    Copyright takedown notices from platforms such as YouTube, iTunes, Apple Music and Spotify.

**Defendants:**

**Parties**: Colonize Media, Inc., Yellowcake, Inc., Jose David Hernandez and Kevin Berger.

**Witnesses**: Jose David Hernandez, Kevin Berger, Alberto Mitchell, Maria Mitchell, Francisco Silva, Veronica Rodriguez, Eric Dominguez, Alfonso De-Alba, Yolanda Mendez, Joel Medina, Flor Torrez, Tate Palmer, Michael Villalobos, Hector Villalobos, Humberto Sanchez, a representative from www.YouTube.com.

**Key Documents/Evidence**:

i.    Written Contracts between Plaintiffs, Defendants and Defendants' predecessors in interest;

ii.    Email Correspondence between Plaintiffs and Defendants;

iii.    Documents concerning Plaintiffs' unauthorized sale of copyrighted works owned and/or controlled by Defendants;

iv.    Records of music sales, advertising revenues, and other income derived by Plaintiffs through all distribution channels, websites and platforms as a result of the distribution by Plaintiffs of Defendants' catalogs of music.

v. Various copyright registrations;

vi. Copies of the allegedly infringed copyrighted works and copyrighted works owned and/or controlled by Defendants;

vii. Documentation from YouTube showing Plaintiff Platino Records, Inc.'s unlawful trespass and destruction of Defendant Colonize Media, Inc.'s data;

viii. Documents substantiating the damages sustained by Defendants.

E. DAMAGES

**Plaintiffs**

Plaintiffs have incurred actual damages of at least $80,000-$120,000 per month from August 2019 and continuing to the present, and are also entitled to recover all profits of Defendants not taken into account in computing such actual damages. Assuming that the matter goes to trial in the fall of 2021, the provable damages are expected to be between $2,000,000 and $5,000,000.

**Defendants**

Defendants have been damaged in an amount not readily ascertainable but believed to be in excess of $50,000,000.

F. INSURANCE

Neither party has insurance coverage for the claims at issue in this case.

G. MOTIONS

**Plaintiffs**

Plaintiff believes that they will file a motion to consolidate this case with Case No. 1:20-cv-00796-AWI-SKO (Yellowcake, Inc. v. Platino Records, Inc., et al.) filed June 8, 2020 in the Eastern District of California ("Yellowcake v. Platino").

**Defendants**

Defendants will oppose any motion to consolidate this case with Yellowcake v. Platino because such action involves a completely different set of facts and circumstances unrelated to this matter and Yellowcake, as Plaintiff therein, was entitled to file suit in the Eastern District of California. Plaintiffs' only motivation for seeking consolidation is to strategically expense and inconvenience Yellowcake. However, Yellowcake would consent to consolidation of this matter with Yellowcake v. Platino in the Eastern District.

Defendants also anticipate making a motion under either Federal Rule of Civil Procedure ("FRCP") 12(b)(6) and/or 12(c) because some, if not all, of the copyrights allegedly infringed by Defendants have not been duly registered with the U.S. Copyright Office and thus Plaintiff's lack standing to sue for copyright infringement.

Defendants also anticipate making a motion for summary judgment on the remaining causes of action under FRCP 56 after the completion of discovery.

STATUS OF DISCOVERY

The parties have not yet begun discovery.

I. DISCOVERY PLAN

**Plaintiffs**

Plaintiffs will be serving Interrogatories, Requests for Admissions and Requests for Documents on Defendants shortly and anticipates completing written discovery by September 30, 2020.  Plaintiff will be taking the depositions of the four defendants and anticipates completing that by December 31, 2020.  Plaintiffs intend to conduct discovery on the failure of Defendants to abide by their contractual obligations, the infringement of Plaintiffs' copyrights, the amount of revenue earned by Defendants from the copyright infringement and Defendants interference with Plaintiffs' ability to post videos on YouTube and otherwise digitally license, sell or distribute their music.

**Defendants**

Defendants will be serving Interrogatories, Requests for Admissions and Requests for Documents on Defendants shortly and anticipates completing written discovery by September 30, 2020.  Defendants will be taking the depositions of the four Plaintiffs and anticipates completing that by December 31, 2020.  Defendants intend to conduct discovery on the failure of Plaintiffs to abide by their contractual obligations, the infringement of Defendant Yellowcake's copyrights, the amount of revenue unlawfully earned by Plaintiffs from their copyright infringement and Plaintiffs' interference with Defendants videos on YouTube and to otherwise digitally license, sell or distribute their music.

J.     DISCOVERY CUT-OFF

The parties propose a Discovery Cut-Off date of March 1, 2021.

K.     EXPERT DISCOVERY

Expert Witness Disclosure Date: March 29, 2021

Rebuttal Disclosure date: April 26, 2021

Expert Discovery Cut-off: May 24, 2021

L.     DISPOSITIVE MOTIONS

**Plaintiffs**

Plaintiffs believe that the issue of copyright infringement and breach of contract may be determined on a motion for summary adjudication.

**Defendants**

Defendants believes that a portion, if not all, of Plaintiffs' claims for copyright infringement can be determined by a motion to dismiss pursuant to FRCP 12(b)(6) and/or 12(c).

Defendants believes that the remaining claims and counterclaims can be determined by a motion for summary judgment pursuant to FRCP 56.

M.     SETTLEMENT/ADR

There have been no settlement discussions between the parties as of yet. The parties choose ADR Procedure No. 1. The ADR Session should occur by February 26, 2021.

N. **TRIAL ESTIMATE**

The parties estimate that the trial will take 8-10 days. Plaintiff estimates calling 8 witnesses. Defendant estimates calling 8-10 witnesses. Additionally, the court should be aware that many of the witnesses are native Spanish speakers and translators will be necessary.

O. **LEAD TRIAL COUNSEL**

Plaintiffs' Lead Trial Counsel is Larry Zerner

Defendants' Lead Trial Counsel is Seth L. Berman

P. **INDEPENDENT EXPERT OR MASTER**

The parties do not believe that an independent expert or master is needed.

Q. **TIMETABLE**

See Attachment.

R. **MAGISTRATE JUDGE**

The parties have not agreed to have the case tried before a magistrate judge.

S. **OTHER ISSUES**

There are no other issues to be addressed at this time.

DATED: July 6, 2020                RESPECTFULLY SUBMITTED,


By: __/s/ Larry Zerner_____
Larry Zerner
Attorney for Plaintiffs and Counter-Defendants
Platino Records, Inc., and Antoine Music, Inc.

DATED: July 6, 2020

By: /s/ Seth L. Berman
Seth L. Berman
Attorney for Defendants and Counter-Claimants Colonize Media, Inc., Yellowcake, Inc., Jose David Hernandez, Kevin Berger

## SCHEDULE OF PRETRIAL AND TRIAL DATES

CASE NAME:

CASE NO:

| Matter | Time | Weeks before trial | Plaintiff(s) Request | Defendant(s) Request | Court Order |
|---|---|---|---|---|---|
| Trial (jury)(court) (length 10 days) **(Tuesday)** | 8:30 am | | 10/12/21 | Same | |
| For Court Trial<br>Lodge Findings of Fact and Conclusions of Law, LR 52; File Exhibit & Witness Lists, LR 16-5,6; File Status Report Regarding Settlement; Summaries of Direct Testimony (optional) | | 3 | 9/20/21 | Same | |
| Pretrial Conference, LR 16;<br>Hearing on Motions in Limine **(Monday)** | 3:00 pm | 4 | 9/13/21 | Same | |
| For Jury Trial<br>Lodge Pretrial Conference Order, LR 16- File Agreed Set of Jury Instructions and Verdict Forms; Statement Regarding Disputed Instructions, Verdicts, etc.; Oppositions to Motions in Limine | | 6 | 8/30/21 | Same | |
| For Jury Trial<br>File Memo of Contentions of Fact and Law, LR 16-4; Exhibit & Witness Lists, LR 16-5,6; Status Report Regarding Settlement; Motions in Limine (no more than five motions per side may be filed without Court permission) | | 7 | 8/23/21 | Same | |
| Last day to conduct ADR Proceeding, LR 16-15 | | 12 | 7/19/21 | Same | |
| Last day to hear motions (except motion to amend pleadings or add parties and motions in limine), LR 7 **(Monday)** | | 14 | 6/28/21 | Same | |
| Non-expert Discovery Cut-off | | 21+ | 3/1/21 | Same | |
| Expert Disclosure (initial) | | | 3/29/21 | Same | |
| Expert Disclosure (rebuttal) | | | 4/26/21 | Same | |
| Expert Discovery Cut-off | | 21+ | 5/24/21 | Same | |
| Last day to hear motion to amend pleadings or add parties **(Monday)** | | 32+ | 12/19/20 | Same | |
| | | | | | |

LR 16-15 ADR Choice:   ☒ 1. USMJ          ☐ 3. Outside ADR

☐ 2. Attorney Settlement Panel

Exhibit A

revised 5–20                                           9