Larry Zerner (155473)
larry@zernerlaw.com
Michael L. Lovitz (268976)
mlovitz@lovitziplaw.com
Lovitz IP Law PC
8335 W Sunset Blvd., Ste. 314
West Hollywood, CA 90069
Telephone:   (323) 337-9088
Facsimile:   (310) 861-6566

Attorneys for Plaintiffs Platino Records, Inc.,
and Antoine Music, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Platino Records, Inc. and Antoine Music, Inc.,<br><br>                  Plaintiffs,<br><br>    vs.<br><br>Colonize Media, Inc., Yellowcake, Inc., Jose David Hernandez, Kevin Berger, and DOES 1-10,<br><br>                  Defendants. | Case No. 2:20-CV-3159-DSF-JPR<br><br>NOTICE OF RELATED CASE |
| Colonize Media, Inc., Yellowcake, Inc., Jose David Hernandez, Kevin Berger, and DOES 1-10,<br><br>                Counterclaim Plaintiffs,<br><br>    vs.<br><br>Platino Records, Inc., Antoine Music, Inc., Alberto Mitchell and Maria Mitchell,<br><br>                Counterclaim Defendants. | |

      Plaintiffs and Cross-Defendants Platino Records, Inc. ("Platino"), Antoine Music, Inc., ("Antoine") Alberto Mitchell and Maria Mitchell write to notify the Court that this

case is related to Case No. 1:20-cv-00981-NONE-JDP, currently pending in the Eastern District of California.  A true and correct copy of the Complaint filed in the Eastern District is attached hereto as Exhibit 1 and 2.

Local Rule 83-1.3.1 requires that Counsel file a Notice of Related Case if both actions appear:

"(a)  To arise from the same or a closely related transaction, happening or event; or

(b) To call for determination of the same or substantially related or similar questions of law and fact; or

(c) For other reasons would entail substantial duplication of labor if heard by different judges; or

(d) To involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c is present."

In the present case, all four of these reasons justify the filing of the Notice of Related Case.

## I. BOTH CASES ARISE FROM THE SAME TRANSACTION AND CALL FOR DETERMINATOINS OF THE SAME QUESTIONS OF LAW AND FACT

The Central District Case has a Complaint and a Counter-Complaint.  The Complaint is Platino Records, Inc. and Antoine Music, Inc. v. Colonize Media, Inc., Yellowcake, Inc., Jose David Hernandez, Kevin Berger.

The Counter-Claim is Colonize Media, Inc., Yellowcake Inc., Jose David Hernandez and Kevin Berger vs. Platino Records, Inc., Antoine Music, Inc., Alberto Mitchell and Maria Mitchell.

In the Eastern District case , the Plaintiffs are again Colonize Media, Inc., and Yellowcake, Inc., and the Defendants are again, *inter alia,* Platino Records, Inc., and Alberto Mitchell.

Accordingly, both the Central District Case and the Eastern District Case have the same parties.

Both cases also involve the same claims. In the Central District Counter-Claim, Colonize and Yellowcake alleges that it owns the copyright to a catalog of music known as the "M-Gen Catalog" and that Platino Records is infringing the copyright to the "M-Gen Catalog" by distributing songs contained in the catalog. The Counter-Claim includes causes of action for, inter alia, 1) Declaratory Judgment; 2) Copyright Infringement; 3) Contributory Copyright Infringement; 4) Breach of Contract; 5) Accounting; 6) Money Had and Received; and 7) Unjust Enrichment;

In the Eastern District Complaint, Plaintiffs Colonize and Yellowcake brought claims against Platino and Alberto Mitchell for, *inter alia*, 1) Declaratory Judgment; 2) Copyright Infringement; 3) Contributory Copyright Infringement; 4) Breach of Contract; 5) Accounting; 6) Money Had and Received; and 7) Unjust Enrichment.

Indeed, for much of the two complaints, the language is virtually identical (with the exception that Colonize and Yellowcake added additional defendants to the Complaint.

In both the Central District Counter-Claim and the Eastern District Complaint, the key issue for both complaints is whether Platino and Alberto Mitchell infringed the copyright in the "M-Gen Catalog." Indeed, compare Paragraph 61 of the Central District Counter-Claim with Paragraph 71 of the Eastern District Complaint:

| | |
|---|---|
| Paragraph 61: "Accordingly, pursuant to 28 U.S.C. § 2201, [Yellowcake is] entitled to a declaratory judgment in their favor and against [Defendants] that amongst other things: (i) [Yellowcake is] and have been the rightful partial owners of the M-Gen Catalog and the Videos with the exclusive rights to digitally exploit same; (ii) that [Yellowcake] did not infringe any | Paragraph 71: "Accordingly, pursuant to 28 U.S.C. § 2201, Yellowcake is entitled to a declaratory judgment in its favor and against Defendants, that amongst other things: (i) Yellowcake is, and has been, a rightful owner of the M-Gen Catalog, Alleged DMY Catalog and New DMY Catalog and has the exclusive rights to digitally exploit the same; (ii) |

| | |
|---|---|
| copyrights belonging to [Defendants] (iii) that [Yellowcake] have the right to exploit the Platino Catalog, DMY Masters, IKA Masters and Aggressive Masters and (iv) have the right to exploit the Videos." | that Yellowcake has the exclusive right to exploit the M-Gen Catalog, Alleged DMY Catalog and New DMY Catalog; (iii) Defendants must make an accounting to Plaintiffs for any income unlawfully received as a result of their exploitation of the M-Gen Catalog, Alleged DMY Catalog and New DMY; and (iv) that Yellowcake did not infringe any copyrights belonging to any Defendants." |

What Defendants/Cross-Complainants are asking in each of these cases is virtually identical, a ruling that it is the rightful owner of the "M-Gen Catalog" and that Defendants/Cross-Complainants did not infringe Plaintiffs' copyrights.

## II.   BOTH CASES INVOLVE THE SAME COPYRIGHTS AND THE SAME TRANSACTIONS

In both cases, Yellowcake and Colonize allege that hundreds of copyrights are at issue. Because both cases use different exhibits to identify the copyrights at issue, it is unwieldy to find all of the copyrights that are the same but it is believed that most of the copyright are the same. Just as an example, here are three copyrighted works that show up on both the Counter-Claim in the Central District and the Complaint in the Eastern District.

| ARTIST | WORK | PAGE # IN CENTRAL DISTRICT COUNTER-CLAIM | PAGE # IN EASTERN DISTRICT COMPLAINT |
|---|---|---|---|
| 40 Grados | A Mover El Bote- 20 Temas | 7 | 34 |
| Adolfo Urias | Eternamene Enamorado | 7 | 34 |
| Dinora Y La Juventud | Entra Mi Vida | 48 | 41 |

### III. HANDLING THE CASES SEPARATELY WOULD ENTAIL SUBSTANTIAL DUPLICATION OF LABOR

As stated above, the issues in the two cases are identical. Plaintiff is claiming in both cases that Defendants infringed the "M-Gen Catalog." That is the central issue in both cases and it would not make any sense to have two separate trials on this matter. Both cases would have the same witnesses testifying about the same facts and would involve the same issues of fact and of law. By having these as two separate cases, there is a real risk that one jury could determine that Platino engaged in copyright infringement and another jury could determine the opposite. There is no reason why there should be two trials on this matter.

The Defendants/Counter-Complainants appear to have filed this as a separate lawsuit solely for the reason to increase Platino's expenses in this matter.

The Court should also be aware that there is actually a third copyright lawsuit that Defendant Yellowcake filed against Plaintiffs that is pending in the Eastern District of California (Yellowcake, Inc., v. Alberto Mitchell, Maria Mitchell Antoine Music, Inc.,

and Platino Records, Inc. Case No. 1:20-CV-00796-AWI-SKO). Yellowcake only recently filed an amended complaint so Plaintiffs have not appeared in that case yet but there will certainly be another Notice of Related Case filed in that case as well. It is unknown why Yellowcake's attorney has not filed a Notice of Related Case in either of those cases as is required under the local rules of both the Central District and the Eastern District.

## IV. CONCLUSION

For the reasons stated above, these two cases are related and should be ordered consolidated.

Dated: September 9, 2020

Law Office of Larry Zerner

By: /Larry Zerner/
Larry Zerner
Attorney for Defendants Platino Records, Inc. and Alberto Mitchell