**ABRAMS, FENSTERMAN, FENSTERMAN,**
**EISMAN, FORMATO, FERRARA,**
**WOLF & CARONE, LLP**
Seth L. Berman, Esq. (*pro hac vice*)
   sberman@abramslaw.com
3 Dakota Drive, Suite 300
Lake Success, NY 11042
Telephone: 516.328.2300
Facsimile: 516.328.6638

**HEFNER STARK & MAROIS, LLP**
Thomas P. Griffin Jr., Esq. (SBN 155133)
   tgriffin@hsmlaw.com
2150 River Plaza Drive, Suite 450
Sacramento, CA 95833
Telephone: 916.925.6620
Facsimile: 916.925.1127

Attorneys for Defendants/Counterclaimants/Third-Party Plaintiffs COLONIZE MEDIA, INC., YELLOWCAKE, INC., JOSE DAVID HERNANDEZ and KEVIN BERGER.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PLATINO RECORDS, INC. and ANTOINE MUSIC, INC., <br><br> Plaintiffs, <br><br> v. <br><br> COLONIZE MEDIA, INC., YELLOWCAKE, INC., JOSE DAVID HERNANDEZ, KEVIN BERGER, and DOES 1-10, <br><br> Defendants. | Case No. **2:20-CV-3159-DSF-JPR** <br><br> **RESPONSE IN OPPOSITION TO NOTICE OF RELATED CASE** |

---

1

**RESPONSE IN OPPOSITION TO NOTICE OF RELATED CASE**

| | |
|---|---|
| COLONIZE MEDIA, INC., YELLOWCAKE, INC., JOSE DAVID HERNANDEZ, KEVIN BERGER, and DOES 1-10, | ) ) ) ) |
| Third-Party Plaintiffs, | ) ) |
| v. | ) ) |
| ALBERTO MITCHELL and MARIA MITCHELL, | ) ) ) |
| Third-Party Defendants. | ) |

Defendants-Counterclaim Plaintiffs/Third-Party Plaintiffs COLONIZE MEDIA, INC., YELLOWCAKE, INC., JOSE DAVID HERNANDEZ, and KEVIN BERGER (collectively, "Defendants/Third-Party Plaintiffs") submit this opposition to Plaintiffs/Counterclaim Defendants PLATINO RECORDS, INC. and ANTOINE MUSIC, INC., and Counterclaim Defendants/Third-Party Defendants ALBERTO MITCHELL and MARIA MITCHELL's (collectively "Plaintiffs/Third-Party Defendants") Notice of Related Case wrongfully alleging that the (i) instant action bearing Case No. 2:20-CV-3159-DSF-JPR and (ii) the action captioned YELLOWCAKE, INC. and COLONIZE MEDIA, INC., v. TRIWOLF MEDIA, LLC, TANGO MULTI MEDIA PRODUCTIONS, LLC, DISTRIBUIDORA DE DISCOS MONTERREY, S.A., DE C.V., PLATINO RECORDS, INC., ALBERTO MITHCELL, AND DOES 1-20, bearing Case No. 1:20-cv-00981-NONE-JDP and pending in the United States District Court for the Eastern District of California ("the Eastern District Action") are related.

As set forth in detail below, the instant action and the Eastern District Action, will have some similarity with regards to some of the parties and the kinds of causes of action; however, the substantive issues involved in each action are separate and distinct. It is obvious that Plaintiffs/Third-Party Defendants have filed the instant

Notice of Related Case as a strategic move in order to try and expense and inconvenience Plaintiffs COLONIZE MEDIA, INC. and YELLOWCAKE, INC. in the Eastern District Action (the "Eastern District Plaintiffs") by forcing them to litigate the matter in a foreign venue far from the proper forum where the events at issue occurred.

## I. COUNSEL FOR PLAINTIFFS AND CROSS-DEFENDANTS MISREPRESENTS THE IMPORT OF LOCAL RULE 83-1.3.1

Contrary to the representation made by Plaintiffs' counsel that whether the two actions involve the same patent, trademark, or copyright bears on whether counsel must file a notice of related case according to Local Rule 83-1.3.1, the local rule decisively advises that the factor is not weighed as part of the assessment. Local Rule 83-1.3.1 reads:

"It shall be the responsibility of the parties to promptly file a Notice of Related Cases wherever two or more civil case filed in this District:

(a) Arise from the same or a closely related transaction, happening, or event;

(b) Call for determination of the same or substantially related or similar questions of law and fact; or

(c) For other reasons would entail substantial duplication of labor if heard by different judges.

That cases may involve the same patent, trademark, or copyright does not, by itself, constitute a circumstance contemplated by (a), (b), or (c)."

It is clear that Plaintiffs' counsel intentionally mischaracterized the framework of the local rule and overstated the weight assigned to overlapping copyrights in order to further support the goal of consolidating the cases in the Central District. Accordingly, counsel's assertion that "[i]n the present case, all four of these reasons justify the filing" of the instant Notice (ECF 31) must not be accorded any weight.

3
**RESPONSE IN OPPOSITION TO NOTICE OF RELATED CASE**

## II. THE TWO CASES INVOLVE DISTINCT LEGAL ISSUES

In addition to mischaracterizing the factors to be assessed under Local Rule 83.1-3.1, counsel for Plaintiffs also mischaracterizes the commonality of legal issues between the two actions by cherry-picking discrete assertions in the Central District Complaint and the Eastern District Complaint and juxtaposing them out of context. *See* ECF 31. In fact, as explained below, each of these cases involve two distinct sets of facts that do not require consolidation.

The Central District Action was filed by Plaintiffs alleging that Defendants breached various oral license agreements to distribute copyrighted sound recordings. In the Complaint, Plaintiffs alleged causes of action for copyright infringement under 17 U.S.C. § 101, *et seq.*, breach of contract, misrepresentation under 17 U.S.C. § 512(f), and intentional interference with prospective economic relations arising out of Defendants' alleged breach of oral license agreements.

In response, Defendants counterclaimed against Plaintiffs and Third-Party Defendants for declaratory judgment pursuant to 28 U.S.C. § 2201, copyright infringement under 17 U.S.C. § 101, *et seq.*, contributory copyright infringement under U.S.C. § 106, *et seq.*, breach of contract, entitlement to accounting, violation of Computer Fraud and Abuse Act pursuant to 18 U.S.C. § 1030, *et seq.*, violation of California Comprehensive Computer Data Access and Fraud Act pursuant to California Penal Code § 502, intentional interference with prospective economic relations, money had and received, and unjust enrichment, alleging, amongst other things, that Defendant/Third-Party Plaintiff Yellowcake, Inc. ("Yellowcake") is the lawful owner of some of the sound recordings at issue, while Defendant/Third-Party Plaintiff Colonize Media, Inc. ("Colonize") maintains the exclusive contractual right to digitally exploit same.

On the contrary, the Eastern District Action was commenced in order to establish Yellowcake's superior ownership rights in a certain catalog of copyrights called the "DMY Catalog" to which the Defendants in the Eastern District Action

claim to have a current ownership interest. Yellowcake is claiming title to the DMY Catalog which were incorporated into a catalog of sound recordings known as the "M-Gen Catalog" that was sold to Yellowcake via an Asset Purchase Agreement entered into between Yellowcake's predecessor and Platino on August 15, 2013. Pursuant to the express terms of the Asset Purchase Agreement, Platino guaranteed that it owned clear title to all rights and assets sold to Yellowcake's predecessor, including the DMY Catalog that was sold as part of the M-Gen Catalog. *The question of whether Yellowcake has superior interests in the DMY Catalog – the essence of the action pending in the Eastern District – is separate from the primary issue in the Central District action as to whether Defendants breached any oral license agreements with Plaintiffs*.

Copies of the pleadings filed in both the Central District Action and the Eastern District Action are sequentially annexed hereto as **Exhibit's "A" and "B"**.

### III. LITIGATING THE CASES SEPARATELY WOULD NOT NECESSITATE SUBSTANTIAL DUPLICATION OF LABOR

Counsel for Plaintiffs makes the disingenuous assertion that the cases are identical and should be tried by the same judge to avoid having the same witnesses testify about the "same issues of fact and law." Additionally, counsel argues that there is a risk of inconsistent findings by different juries if the actions are tried separately. However, counsel fails to appreciate the nuanced differences in the legal issues at stake in each action and is attempting to capitalize on the minimal overlap in factual background in order to needlessly expense Defendants (the Plaintiffs in the Eastern District Action) of their choice of venue. *See Decker Coal Co. v. Commonwealth Edison Co.*, 805 F.2d 834, 843 (9th Cir. 1986) (standing for the proposition that strong preference is given to plaintiff's choice of venue). This transparent attempt at forum shopping is wholly consistent with counsel's defective reasoning in support of consolidation. Accordingly, Plaintiffs' notice of related case should be denied on this

ground. *See Hernandez v. City of El Monte*, 138 F.3d 393, 399 (9th Cir. 1998) (finding that judge-shopping abuses the judicial process)

## IV.     CONCLUSION

It is respectfully argued that this Court can determine whether or not the Defendants breached any alleged oral license agreements or committed copyright infringement with regards to Plaintiffs without the risk of an inconsistent determination as to whether or not Plaintiff Yellowcake has superior exploitation rights to the DMY Catalog over those of Defendants in the Eastern District Action.

For the foregoing reasons the two action should not be consolidated.

Dated:  September 25, 2020

**ABRAMS, FENSTERMAN, FENSTERMAN, EISMAN, FORMATO, FERRARA, WOLF & CARONE, LLP**

By: */s/ Seth L. Berman*
  Seth L. Berman, Esq. (*pro hac vice*)
  *Attorneys for Defendants*
  *Colonize Media, Inc., Yellowcake, Inc.,*
  *Jose David Hernandez, and Kevin Berger*

**RESPONSE IN OPPOSITION TO NOTICE OF RELATED CASE**