**HEFNER LAW**
Tom Griffin, Esq. (SBN 155133)
    tgriffin@hsmlaw.com
2150 River Plaza Drive, Suite 450
Sacramento, CA  95833
Telephone: 916.925.6620          NOTE: CHANGES MADE BY THE COURT
Facsimile: 916.925.1127

**ABRAMS, FENSTERMAN, FENSTERMAN,**
**EISMAN, FORMATO, FERRARA,**
**WOLF & CARONE, LLP**
Seth L. Berman, Esq. (*pro hac vice*)
    sberman@abramslaw.com
3 Dakota Drive, Suite 300
Lake Success, NY 11042
Telephone: 516.328.2300
Facsimile: 516.328.6638

Attorneys for Defendants/Third-Party Plaintiffs
COLONIZE MEDIA, INC., YELLOWCAKE, INC.,
JOSE DAVID HERNANDEZ, and KEVIN BERGER

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PLATINO RECORDS, INC. and ANTOINE MUSIC, INC.,<br><br>Plaintiffs,<br><br>v.<br><br>COLONIZE MEDIA, INC., YELLOWCAKE, INC., JOSE DAVID HERNANDEZ, KEVIN BERGER, and DOES 1-10,<br><br>Defendants. | **Case No.: 2:20-CV-3159-DSF-JPR**<br><br>**STIPULATED PROTECTIVE ORDER**<br><br>DCJ.: Dale S. Fischer<br>MJ: Jean P. Rosenbluth |

1

COLONIZE MEDIA, INC., YELLOWCAKE, )
INC., JOSE DAVID HERNANDEZ, KEVIN )
BERGER, and DOES 1-10, )
)
                    Third-Party Plaintiffs, )
)
          v. )
)
ALBERTO MITCHELL and MARIA )
MITCHELL, )
)
                    Third-Party Defendants. )

## 1.    INTRODUCTION

### 1.1    PURPOSES AND LIMITATIONS

Discovery in this action may involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the Parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order.  The Parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles.  The Parties further acknowledge, as set forth in Section 12.3 below, that this Order does not entitle them to file Confidential Information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a Party seeks permission from the Court to file material under seal.

### 1.2    GOOD CAUSE STATEMENT

The essence of this action is a dispute over the ownership and rights to otherwise exploit certain sound recordings of regional Mexican Music.  The

2

1   prosecution and defense of this action requires the disclosure of certain contracts

2   between the parties and third parties concerning the ownership and rights to exploit

3   the sound recordings. These contracts contain proprietary and confidential business

4   terms.  If these contracts are not kept confidential, they may give unfair insight to

5   the parties' competitors regarding the parties' business practices and be used to

6   unfairly compete with the parties. The issue of damages also requires the disclosure

7   of certain proprietary financial information kept by the parties. Similarly, this

8   financial information gives the parties' competitors insight into the financial

9   workings and condition of the parties and could be used by the parties' competitors

10  to unfairly compete if not kept confidential.

11  2.      DEFINITIONS

12          2.1     Action: This pending federal lawsuit and any potentially consolidated

13  actions.

14          2.2     Challenging Party:  A Party or Nonparty that challenges the designation

15  of information or items under this Order.

16          2.3     "CONFIDENTIAL" Information or Items:  information (regardless of

17  how it is generated, stored, or maintained) or tangible things that qualify for

18  protection under Federal Rule of Civil Procedure 26(c) and as specified above in the

19  Good Cause Statement.

20          2.4     Counsel:  Outside Counsel of Record and House Counsel (as well as

21  their support staff).

22          2.5     Designating Party:  a Party or Nonparty that designates information or

23  items that it produces in disclosures or in responses to discovery as

24  "CONFIDENTIAL."

25          2.6     Disclosure or Discovery Material:  all items or information, regardless

26  of the medium or manner in which it is generated, stored, or maintained (including,

27  among other things, testimony, transcripts, and tangible things), that are produced or

28  generated in disclosures or responses to discovery in this matter.

2.7 <u>Expert</u>:  a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action.

2.8 <u>House Counsel</u>:  attorneys who are employees of a Party to this Action. House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.9 <u>Nonparty</u>:  any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.10 <u>Outside Counsel of Record</u>:  attorneys who are not employees of a Party to this Action but are retained to represent or advise a Party and have appeared in this Action on behalf of that Party or are affiliated with a law firm that has appeared on behalf of that Party, including support staff.

2.11 <u>Party</u>:  any Party to this Action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

2.12 <u>Producing Party</u>:  a Party or Nonparty that produces Disclosure or Discovery Material in this Action.

2.13 <u>Professional Vendors</u>:  persons or entities that provide litigation support services (for example, photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.14 <u>Protected Material</u>:  any Disclosure or Discovery Material that is designated as "CONFIDENTIAL."

2.15 <u>Receiving Party</u>:  a Party that receives Disclosure or Discovery Material from a Producing Party.

3. <u>SCOPE</u>

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above) but also any information copied or extracted

1   from Protected Material; all copies, excerpts, summaries, or compilations of

2   Protected Material; and any testimony, conversations, or presentations by Parties or

3   their Counsel that might reveal Protected Material.

4        Any use of Protected Material at trial will be governed by the orders of the

5   trial judge.  This Order does not govern the use of Protected Material at trial.

6

7   4.    DURATION

8        Even after final disposition of this litigation, the confidentiality obligations

9   imposed by this Order will remain in effect until a Designating Party agrees

10  otherwise in writing or a court order otherwise directs.  Final disposition is the later

11  of (1) dismissal of all claims and defenses in this Action, with or without prejudice,

12  or (2) final judgment after the completion and exhaustion of all appeals, rehearings,

13  remands, trials, or reviews of this Action, including the time limits for filing any

14  motions or applications for extension of time under applicable law.

15  5.    DESIGNATING PROTECTED MATERIAL

16       5.1    Each Party or Nonparty that designates information or items for

17  protection under this Order must take care to limit any such designation to specific

18  material that qualifies under the appropriate standards.  The Designating Party must

19  designate for protection only those parts of material, documents, items, or oral or

20  written communications that qualify so that other portions of the material,

21  documents, items, or communications for which protection is not warranted are not

22  swept unjustifiably within the ambit of this Order.

23       Mass, indiscriminate, or routinized designations are prohibited.  Designations

24  that are shown to be clearly unjustified or that have been made for an improper

25  purpose (for example, to unnecessarily encumber the case-development process or

26  to impose unnecessary expenses and burdens on other parties) may expose the

27  Designating Party to sanctions.

28

1    If it comes to a Designating Party's attention that information or items it

2    designated for protection do not qualify for that level of protection, that Designating

3    Party must promptly notify all other Parties that it is withdrawing the inapplicable

4    designation.

5    5.2    Except as otherwise provided in this Order, Disclosure or Discovery

6    Material that qualifies for protection under this Order must be clearly so designated

7    before the material is disclosed or produced.

8    Designation in conformity with this Order requires the following:

9    (a)  for information in documentary form (for example, paper or electronic

10   documents but excluding transcripts of depositions or other pretrial or trial

11   proceedings), the Producing Party must affix at a minimum the legend

12   "CONFIDENTIAL" to each page that contains Protected Material.  If only a portion

13   or portions of the material on a page qualify for protection, the Producing Party

14   must clearly identify the protected portion(s) (for example, by making appropriate

15   markings in the margins).

16   A Party or Nonparty that makes original documents available for inspection

17   need not designate them for protection until after the inspecting Party has indicated

18   which documents it would like copied and produced.  During the inspection and

19   before the designation, all material made available for inspection must be treated as

20   "CONFIDENTIAL."  After the inspecting Party has identified the documents it

21   wants copied and produced, the Producing Party must determine which documents,

22   or portions thereof, qualify for protection under this Order.  Then, before producing

23   the specified documents, the Producing Party must affix the "CONFIDENTIAL"

24   legend to each page that contains Protected Material.  If only a portion or portions of

25   the material on a page qualify for protection, the Producing Party also must clearly

26   identify the protected portion(s) (for example, by making appropriate markings in

27   the margins).

28

1     (b)  for testimony given in depositions, the Designating Party must identify

2  the Disclosure or Discovery Material that is protected on the record, before the close

3  of the deposition.

4     (c)  for information produced in some form other than documentary and for

5  any other tangible items, the Producing Party must affix in a prominent place on the

6  exterior of the container or containers in which the information is stored the legend

7  "CONFIDENTIAL."  If only a portion or portions of the information warrant

8  protection, the Producing Party, to the extent practicable, must identify the protected

9  portion(s).

10     5.3   If timely corrected, an inadvertent failure to designate qualified

11  information or items does not, standing alone, waive the Designating Party's right to

12  secure protection under this Order for that material.  On timely correction of a

13  designation, the Receiving Party must make reasonable efforts to assure that the

14  material is treated in accordance with the provisions of this Order.

15  6.    CHALLENGING CONFIDENTIALITY DESIGNATIONS

16     6.1   Any Party or Nonparty may challenge a designation of confidentiality

17  at any time consistent with the Court's scheduling order.

18     6.2   The Challenging Party must initiate the dispute-resolution process (and,

19  if necessary, file a discovery motion) under Local Rule 37.

20     6.3   The burden of persuasion in any such proceeding is on the Designating

21  Party.  Frivolous challenges, and those made for an improper purpose (for example,

22  to harass or impose unnecessary expenses and burdens on other parties), may expose

23  the Challenging Party to sanctions.  Unless the Designating Party has waived or

24  withdrawn the confidentiality designation, all parties must continue to afford the

25  material in question the level of protection to which it is entitled under the

26  Producing Party's designation until the Court rules on the challenge.

27

28

7

7.    ACCESS TO AND USE OF PROTECTED MATERIAL

7.1    A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Nonparty in connection with this Action only for prosecuting, defending, or attempting to settle this Action.  Such Protected Material may be disclosed only to the categories of people and under the conditions described in this Order. When the Action has been terminated, a Receiving Party must comply with the provisions of Section 13 below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a manner sufficiently secure to ensure that access is limited to the people authorized under this Order.

7.2    Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to the following people:

(a)  the Receiving Party's Outside Counsel of Record in this Action, as well as employees of that Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this Action;

(b)  the officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this Action;

(c)  Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d)  the Court and its personnel;

(e)  court reporters and their staff;

(f)  professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(g)  the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;

(h)  during their depositions, witnesses and attorneys for witnesses to whom disclosure is reasonably necessary, provided that the deposing party requests that the witness sign the form attached as Exhibit A hereto and the witnesses will not be permitted to keep any confidential information unless they sign the form, unless otherwise agreed by the Designating Party or ordered by the Court.  Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material may be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Order; and

(i)  any mediator or settlement officer, and their supporting personnel, mutually agreed on by any of the Parties engaged in settlement discussions or appointed by the Court.

8.   PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this Action as "CONFIDENTIAL," that Party must

(a)  promptly notify in writing the Designating Party. Such notification must include a copy of the subpoena or court order unless prohibited by law;

(b)  promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order.  Such notification must include a copy of this Order; and

(c)  cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order should not produce any information designated in this action as "CONFIDENTIAL" before a determination on the protective-order request by the relevant court unless the Party has obtained the Designating Party's

1    permission.  The Designating Party bears the burden and expense of seeking

2    protection of its Confidential Material, and nothing in these provisions should be

3    construed as authorizing or encouraging a Receiving Party in this Action to disobey

4    a lawful directive from another court.

5

6    9.      A NONPARTY'S PROTECTED MATERIAL SOUGHT TO BE

7    PRODUCED IN THIS LITIGATION

8            (a)  The terms of this Order are applicable to information produced by a

9    Nonparty in this Action and designated as "CONFIDENTIAL."  Such information is

10   protected by the remedies and relief provided by this Order.  Nothing in these

11   provisions should be construed as prohibiting a Nonparty from seeking additional

12   protections.

13           (b)  In the event that a Party is required by a valid discovery request to

14   produce a Nonparty's Confidential Information in its possession and the Party is

15   subject to an agreement with the Nonparty not to produce the Nonparty's

16   Confidential Information, then the Party must

17               (1)  promptly notify in writing the Requesting Party and the Nonparty

18   that some or all of the information requested is subject to a confidentiality

19   agreement with a Nonparty;

20               (2)  promptly provide the Nonparty with a copy of this Order, the

21   relevant discovery request(s), and a reasonably specific description of the

22   information requested; and

23               (3)  make the information requested available for inspection by the

24   Nonparty, if requested.

25           (c)  If the Nonparty fails to seek a protective order within 21 days of

26   receiving the notice and accompanying information, the Receiving Party may

27   produce the Nonparty's Confidential Information responsive to the discovery

28   request.  If the Nonparty timely seeks a protective order, the Receiving Party must

1   not produce any information in its possession or control that is subject to the

2   confidentiality agreement with the Nonparty before a ruling on the protective-order

3   request.  Absent a court order to the contrary, the Nonparty must bear the burden

4   and expense of seeking protection of its Protected Material.

5

6   10.   UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

7       If a Receiving Party learns that by inadvertence or otherwise, it has disclosed

8   Protected Material to any person or in any circumstance not authorized under this

9   Order, the Receiving Party must immediately notify the Designating Party in writing

10  of the unauthorized disclosures, use its best efforts to retrieve all unauthorized

11  copies of the Protected Material, inform the person or people to whom unauthorized

12  disclosures were made of the terms of this Order, and ask that person or people to

13  execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto

14  as Exhibit A.

15  11.   INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE

16  PROTECTED MATERIAL

17      When a Producing Party gives notice to Receiving Parties that certain

18  inadvertently produced material is subject to a claim of privilege or other protection,

19  the obligations of the Receiving Parties are those set forth in Federal Rule of Civil

20  Procedure 26(b)(5)(B).

21  12.   MISCELLANEOUS

22      12.1   Nothing in this Order abridges the right of any person to seek its

23  modification by the Court.

24      12.2   By stipulating to the entry of this Order, no Party waives any right it

25  otherwise would have to object to disclosing or producing any information or item

26  on any ground not addressed in this Order. Similarly, no Party waives any right to

27  object on any ground to use in evidence of any of the material covered by this

28  Order.

1    12.3   A Party that seeks to file under seal any Protected Material must

2  comply with Civil Local Rule 79-5. Protected Material may be filed under seal only

3  pursuant to a court order authorizing the sealing of the specific Protected Material at

4  issue.  If a Party's request to file Protected Material under seal is denied, then the

5  Receiving Party may file the information in the public record unless otherwise

6  instructed by the Court.

7  13.    FINAL DISPOSITION

8    After the final disposition of this Action, as defined in paragraph 4, within 60

9  days of a written request by the Designating Party, each Receiving Party must return

10  all Protected Material to the Producing Party or destroy such material.  As used in

11  this subdivision, "all Protected Material" includes all copies, abstracts, compilations,

12  summaries, and any other format reproducing or capturing any of the Protected

13  Material.  Whether the Protected Material is returned or destroyed, the Receiving

14  Party must submit a written certification to the Producing Party (and, if not the same

15  person or entity, to the Designating Party) by the 60-day deadline that identifies (by

16  category, when appropriate) all the Protected Material that was returned or

17  destroyed and affirms that the Receiving Party has not retained any copies, abstracts,

18  compilations, summaries, or any other format reproducing or capturing any of the

19  Protected Material.  Notwithstanding this provision, Counsel are entitled to retain an

20  archival copy of all pleadings; motion papers; trial, deposition, and hearing

21  transcripts; legal memoranda; correspondence; deposition and trial exhibits; expert

22  reports; attorney work product; and consultant and expert work product even if such

23  materials contain Protected Material.  Any such archival copies that contain or

24  constitute Protected Material remain subject to this Order as set forth in Section 4

25  (DURATION).

26  14.    SANCTIONS

27

28

1    Any willful violation of this Order may be punished by civil or criminal

2    contempt, financial or evidentiary sanctions, reference to disciplinary authorities, or

3    other appropriate action at the discretion of the Court.

4    IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

5

6                                          **LAW OFFICE OF LARRY ZERNER**

7

8    DATED:  October 2, 2020                    /s/ Larry Zerner_____

9                                               Larry Zerner

10

11                                             *Attorneys for Plaintiffs/*
                                               *Third-Party Defendants*

12

13                                          **ABRAMS, FENSTERMAN,**
                                            **FENSTERMAN,  EISMAN, FORMATO,**
14                                          **FERRARA, WOLF & CARONE, LLP**

15

16   DATED:  October 2, 2020                    /s/ Seth L. Berman_____
                                                  Seth L. Berman, Esq. (*pro hac vice*)
17
                                               *Attorneys for Defendants/*
18                                             *Third-Party Plaintiffs*

19

20   THE PROTECTIVE ORDER IS HEREBY GRANTED:

21

22   Dated: October 9, 2020        _____

23                                 Jean P. Rosenbluth
                                   United States Magistrate Judge
24

25

26

27

28

                                          13

<u>EXHIBIT A</u>

<u>ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND</u>

I, _____ [**full name**], of _____ [**full address**], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the U.S. District Court for the Central District of California on [date] in the case of _____ **[insert case name and number]**. I agree to comply with and to be bound by all terms of this Stipulated Protective Order, and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment, including contempt.  I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the U.S. District Court for the Central District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.  I hereby appoint _____ [**full name**] of _____ [**full address and telephone number**] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

Date: _____

City and State where signed: _____

Printed name: _____

Signature: _____

14